**CAMTEX OIL CORPORATION, Appellant,**

v.

**V. R. HUFFINES, Appellee.**

No. 6775.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 2, 1954..

Turner & Bankhead, J. E. McLemore, Jr., Carthage, for appellant.

Jones, Jones & Brian, Marshall, for appellee.

WILLIAMS, Justice.

At all times pertinent to its plea of privilege to be sued in Dallas County, Texas, Camtex Oil Corporation, the defendant below, a Massachusetts corporation, held a valid permit to do business in Texas. Defendant had complied with Sec. 1 of Art. 2031a, Texas Vern.Ann., R.C.S., by designating one D. E. Wahl of Dallas County as its service agent, upon whom service of citation was had in this suit. V. R. Huffines, the plaintiff below, is a resident citizen of Harrison County, Texas. In this suit for debt filed in the latter county he seeks to recover for alleged expenses and services performed and furnished by him in Panola County, Texas, pursuant to an alleged agreement, resting in parol, entered into between plaintiff and defendant in Dallas County. Defendant had no agent or representative in Harrison County. Defendant's plea of privilege to be sued in Dallas County was overruled.

In the findings of fact, the trial court found that defendant, the owner of oil and/or gas producing properties in Texas, had been doing business in Texas; that plaintiff on more than one occasion had transacted business in Dallas County, Texas, at the law offices of Monty Irion, 610 Mercantile Bank Building, Dallas, Texas, in regard to property owned by defendant in Texas; and that plaintiff consulted in person with alleged representatives of the defendant in the offices of said attorney in Dallas, Texas; and that such transactions or consultations were prior to suit.

The trial court further found that "Although said Corporation having been granted a permit to do business in Texas, it has not maintained an office in the State of Texas for the past year, and has not conducted in the State of Texas through any person or persons the kind and character of business authorized by the pro-

472

visions of its charter"; and concluded, as asserted in plaintiff's controverting affidavit that Exception 3 of Art. 1995, R.C.S. of Texas, is applicable, and this cause was therefore properly maintainable for venue purposes in Harrison County, Texas, the county of residence of the plaintiff. This Exception 3 reads: "If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides."

The testimony reflects that the conversation or alleged agreement out of which this suit is predicated occurred in Irion's office between plaintiff and one Mr. Monroe, a representative or some type of officer for the defendant. Irion participated in the conversations. It appears that plaintiff had several conversations thereafter with Irion over claims of plaintiff that later arose between plaintiff and defendant. This alleged agreement relied upon by plaintiff occurred in 1952. Suit was filed February 10, 1954. Defendant's plea of privilege was filed March 3; its amended plea on March 6; and the order overruling same was made March 25, 1954, the date of its hearing.

Subsequent to the time of the alleged agreement in 1952, and after a dispute had arisen on plaintiff's asserted account he did talk with Irion, the latest of which was either in November or December, 1953. It appears that plaintiff made his demand for payment by mail directed to defendant's offices in Massachusetts during the latter part of 1953. His asserted contract which he reduced to writing was mailed to defendant's offices in Massachusetts. Defendant refused to sign it. Whatever association or contact Irion, the attorney, may have had with plaintiff, if not in the capacity as a lawyer to pass upon the legality of a title or contract, occurred at least more than six months prior to this suit. Defendant maintained no address in Texas where mail might reach it or where any person might locate or contact an official of the company in Dallas County. This evidence will not warrant this Court to disturb above findings under the rule applicable to a reviewing court and the conclusions of law grounded thereon. 3B Tex.Jur. 438; Campbell v. Gibbs, Tex.Civ.App., 161 S.W. 430; American Fidelity & Casualty Co. v. Windham, Tex.Civ.App., 59 S.W.2d 259, 261; Mergenthaler Linotype Co. v. Herrman, Tex.Civ.App., 211 S.W.2d 633; Northern Illinois Finance Corp. v. Sheridan, Tex.Civ.App., 141 S.W.2d 434.

In his controverting affidavit plaintiff alleged and introduced evidence in support of same that his suit was for debt for services and expenses he had allegedly furnished defendant; that defendant was not a resident of Texas but was a resident and citizen of the State of Massachusetts and the City of Boston, therein; and that plaintiff was a resident citizen of Harrison County, Texas. We construe defendant's point No. 1 asserting that insufficient facts were alleged "to show jurisdiction in the trial court" to contend that it was necessary for plaintiff to establish a prima facie right of recovery on his action (which was not done) in order to lodge venue in Harrison County. This point is overruled. Ward v. Davis, Tex.Civ.App., 262 S.W.2d 533; Cowden v. Cowden, 143 Tex. 446, 186 S.W. 2d 69.

The other points advanced have been considered and are respectfully overruled.

The judgment is affirmed.