Ollie R. KNIGHT et al., Appellants,

v.

Nelson PUETT, Jr., Appellee.

No. 10301.

Court of Civil Appeals of Texas.

Austin.

March 16, 1955.

Wilcox & Gauntt, Georgetown, for appellant.

Tom H. Davis, III, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal by Ollie R. Knight and wife, Ruby M. Knight, defendants in the trial court, from an order overruling their plea of privilege to be sued in Williamson County, Texas, the county of their residence. Subdivision 5 of Article 1955 is involved.

The appeal is before this Court based on two points, reading as follows:

"First Point

"The error of the Court in overruling defendants' plea of privilege since plaintiff failed to establish his suit was based upon an obligation to him which defendants had contracted in writing to perform in Travis County, Texas.

"Second Point

"The error of the Court in admitting in evidence plaintiff's Exhibit No. 1, over the objection of defendants that it contained no obligation to pay any money to plaintiff."

This suit was instituted to recover a commission for the sale of real property.

The appellants filed their plea of privilege seeking to have the case transferred to Williamson County, Texas, the county of their residence; controverting affidavit was filed seeking to maintain venue in Travis County, Texas, under subdivision 5 of Article 1995.

The contract upon which appellee sought to maintain venue was on a printed form and omitting formal parts, reads:

"To Mrs. King—Allied Finance, Agent:

"For and in consideration of your listing for sale the property described above, said property being owned in fee simple title by me, or us, I, or we, do hereby appoint you, exclusive agent and grant you the exclusive right to sell said property * * *.

"In the event a sale of said property is made * * * I, or we, further agree to pay you, at Austin, Texas, a commission of five per cent of the price received from such sale.

"(s) Nelson Puett & Asso.
        Realtor

"(s) Nelson Puett, Jr.
        By
                    "(s) Ollie R. Knight
                            Owner
                    (s) Mrs. O. R. Knight
                            Owner"

It was alleged that Mrs. King's name was inserted by mistake and that Puett's name should have been written in.

The defendants objected to the introduction of the contract in evidence for the reason that there was no obligation to pay Puett anything, which was overruled.

The appellants contend that plaintiff must prove an obligation to him to be performed in Travis County, or at least to show a written contract requiring payment to him in Travis County. The appellee takes the position that Puett need not prove the ownership of the alleged obligation in plea of privilege hearing.

It was held in Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810, that in determining question of venue of action on note, that evidence of ownership of note and validity of obligation evidenced thereby were properly excluded, as going only to merits of action, and not proper inquiry on question of venue.

We believe that the plaintiff established venue under subsection 5 of Article 1995 on his action on the written obligation hereinabove referred to, which provided for

payment in Travis County. Olmstead v. Plainsman Liquid Insecticides, Inc., Tex. Civ.App., 259 S.W.2d 783, and cases cited.

We believe that plaintiff established the execution of the contract of listing introduced as Exhibit No. 1 by the appellants.

Appellee testified that he was present and saw the appellants sign the instrument and that he signed it.

The judgment of the trial court is affirmed.

Affirmed.