**WISENBAKER, FIX & ASSOCIATES, Appellant,**

**v.**

**CITY OF HURST, Appellee.**

**No. 16742.**

Court of Civil Appeals of Texas.

Fort Worth.

June 10, 1966.

Spuriell, Lowry, Potter, Lasater & Guinn, and Chas. F. Potter, Tyler, for appellant.

Tom Cave, City Atty., Hurst, for appellee.

## OPINION

RENFRO, Justice.

This is a venue suit.

The City of Hurst brought suit in Tarrant County against J. L. Myers' Sons, a partnership, engaged in the business of drilling water wells; Gulf Insurance Company, which made a performance bond for Myers; and Wisenbaker, Fix & Associates, consulting engineers, for damages growing out of the drilling of a water well for the City by Myers.

The City had a written contract with Myers. The City engaged Wisenbaker, Fix & Associates as consulting engineers.

Recovery was sought against Myers on its written contract. Recovery was sought against Wisenbaker & Fix on an implied warranty, and, in the alternative, plead that Wisenbaker & Fix negligently failed to oversee and plan the wiring, assembly and installation of the pump.

Wisenbaker & Fix filed plea of venue to have the case transferred to Smith County.

The plea was overruled.

Appellant, Wisenbaker & Fix, contends the court erred in (1 and 2) holding that suit was maintainable in Tarrant County under subdivisions 5 and 9a, Art. 1995, Vernon's Ann.Tex.Civ.St., and (3) in applying subdivision 9a since appellee's suit was primarily on contract and appellee relied on the same evidence in developing its case both as to contract and negligence liability.

■ Appellee failed to prove that Wisenbaker & Fix were parties to the contract between appellee and Myers. It therefore failed to sustain venue in Tarrant County under subdivision 5. Wisenbaker v. Johnny Folmar Drilling Company, 334 S.W.2d 465 (Texarkana Civ.App., 1960, dism.).

■ To sustain venue in Tarrant County under subdivision 9a appellee had the burden to establish that an act or omission of negligence occurred in Tarrant County; that the act was that of appellant and that such negligence was the proximate cause of the damages sustained.

■ Witness Hahn and appellant Fix testified extensively as to the differences of opinion as to the proper wiring necessary. Hahn explained in detail how the wiring, as required by Fix, was deficient and the reasons Fix's method caused the damage. Hahn concluded his testimony by saying, "I would say the fault lay entirely with the manner in which Mr. Fix wanted it wired as it was finally wired. * * * I could find nothing wrong with the plans and specifications to this extent." He further testified that Mr. Fix was "right there" (at the well in Hurst, Tarrant County) when the wiring was finally done according to the demands of Fix.

The record as a whole supports the trial court's conclusion that venue was properly sustained in Tarrant County under subdivision 9a.

■ In support of its third point appellant points out that the same evidence was offered in support of appellee's plea on the contract or warranty and its alternate plea on negligence, that appellee therefore made an election to sue on the warranty and was not entitled to sue on negligence.

On the venue hearing appellee made out a case of negligence against appellant. It did not establish, as a venue fact, its allegation of breach of warranty.

We fail to see how the doctrine of election of remedies is applicable.

Appellee was entitled to sustain venue in Tarrant County on the theory proved.

Affirmed.