**Morin M. SCOTT, Appellant,**

v.

**F. T. BEAVER et al., Appellees.**

**No. 11420.**

Court of Civil Appeals of Texas.

Austin.

July 6, 1966.

Rehearing Denied Aug. 24, 1966.

Meyers, Shannon & Armstrong, James R. Meyers, Austin, for appellant.

Blanks, Thigpin, Logan, Steib & Lewis, John D. Logan, S. Ancial Middlebrook, San Angelo, for appellees.

HUGHES, Justice.

This is a venue case in which F. T. Beaver and Celina Beaver, appellees, sued Morin M. Scott on a promissory note executed by Mr. Scott, such note being payable, in installments, in Tom Green County, the county of suit.

Appellant pleaded his privilege to be sued in Travis County, the county of his residence. This plea was overruled, and this appeal followed.

Appellant has one point of error which is that appellees having failed to allege an obligation binding on him venue in Tom Green County was improperly laid under Sub. 5, Art. 1995, Vernon's Ann.Tex.Civ.St.

The note declared upon was for the principal sum of $445,000.00, however, it contained this provision:

"The maker's personal liability hereunder is limited to the sum of One Hundred Eight Thousand Dollars ($108,000.-00) being the payment due under the terms hereof from October 15, 1964, to and including September 15, 1967."

Appellees pleaded in their Original Petition that appellant had paid $33,000.00 on the note, principal and interest, but had

failed and refused to make further payments thereon, and that they, as provided in the note, accelerated payment of the installments and declared the entire balance on the note due and payable, and that payment by appellant was refused.

Appellees also made this allegation:

"Plaintiffs would further show that said note was partially secured by a mortgage and deed of trust on certain real estate in Tom Green County, Texas and by a chattel mortgage on certain personal property in said County. Said deed of trust and mortgage have been duly foreclosed and the property sold for $175,000.-00, for which amount defendant is entitled to be credited on his said note."

Appellees prayed for judgment in the sum of $301,802.84, inclusive of 10% attorney's fees, and for interest on such sum from October 7, 1965.

Appellant's plea of privilege was formal. Appellees' controverting affidavit alleged venue under Sub. #5, Art. 1995, by reason of the execution of the note payable in Tom Green County, as above described. They incorporated, by reference, the allegations made in their original petition and averred their verity.

It is the view of appellant that appellees have failed to allege or prove that appellant is liable on the note in suit or that by reason thereof that he is under any obligation to pay appellant any sum of money in Tom Green County, or elsewhere. Appellees dispute this contention.

■ It is our opinion that this is a matter which goes to the merits of the controversy and is one irrelevant to the issue of venue, and is also a matter upon which we should not comment at this juncture.

■ A question very similar to the one here presented was before this Court in

Knight v. Puett, Tex.Civ.App., 277 S.W.2d 172, n. w. h., where we held, Chief Justice Archer writing, that validity of the obligation sued upon was not a proper inquiry in a venue proceeding under Sub. 5, Art. 1995. An obligation which is invalid is, of course, no obligation. This is precisely appellant's contention here, that no obligation had been pled or proved against him.

It is not essential, under Sub. 5, that the existence of a cause of action be established. Petroleum Producers Company v. Steffens, 139 Tex. 257, 162 S.W.2d 698.

■ Sub. 5, Art. 1995, provides, in part, that if a person has contracted to perform an obligation in a particular county "suit upon or by reason of such obligation," may be brought in the county of performance.

The note executed by appellant purports to bind him to pay money in Tom Green County. This suit is upon and by reason of such purported obligation, and Tom Green County has venue of it. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810 and the many cases cited in McDonald, Texas Civil Practice, Vol. 1, Sec. 4.11.1.

Appellant relies upon our opinion in Kendrick v. Mackey, Tex.Civ.App., 204 S.W.2d 394. Suit there was to recover on a contract to drill an oil well. Plaintiff sought to sustain venue in the county of suit under the written contract. The contention was made that the written contract had been superseded by a verbal contract, and we sustained this contention, however, as to the written contract we held that it did not stipulate where the payments under it were to be made. This case could not be in point here.

The judgment of the trial court is affirmed.

Affirmed.