**Warren CASTLE, Appellant,**

v.

**Charles BERG, Appellee.**

No. 16912.

Court of Civil Appeals of Texas.

Dallas.

May 12, 1967.

Paul Thorp, of Matthews, Weaver & Thorp, Dallas, for appellant.

Blair Rugh, of Witts, Ewing, Lee & Rugh, Dallas, for appellee.

BATEMAN, Justice.

The appellee Charles Berg obtained a judgment against appellant Warren Castle, a resident of Oklahoma, for the value of certain materials and services furnished by appellee in decorating appellant's home in Oklahoma. Citation was served by delivering the same to the Secretary of State of Texas as agent of appellant pursuant to the terms of Section 3 of Article 2031b, Vernon's Ann.Civ.St. Appellant entered a special appearance pursuant to Rule 120a, Texas Rules of Civil Procedure, moving to dismiss the suit for lack of jurisdiction over the person of appellant. Appellant appeared by his attorney at the hearing of this motion, but when the motion was overruled the attorney with leave of court withdrew and did not file an answer. The court then heard the appellee's evidence and rendered judgment for the debt. Appellant appeals on seven points of error.

The first three points of error challenge the jurisdiction of the Texas court to render the judgment against appellant in personam because he was not personally served with process within the state and was not subject to substituted service under Art. 2031b, V.A.C.S., not having engaged in business in Texas and not having had sufficient "minimal contacts" with Texas to give Texas courts in personam jurisdiction over him.

In examining the evidence adduced at the hearing of the motion to dismiss, we find it to be sufficient to establish, at least prima facie, that the appellant, a resident of Oklahoma, came to Dallas, Texas and entered into an oral contract with appellee whereunder the latter would purchase the mate-

rials and furnish the necessary services to decorate appellant's Oklahoma home with suitable furniture, floor and wall coverings, draperies, etc. It was not specified in the original agreement where any of the materials would be purchased, or where the work of fabricating any of them would be performed, although appellee saw fit to purchase many of the materials in Dallas and to perform the necessary services in making the draperies at his workshop in Dallas. This was with appellant's consent; and on one occasion appellant, while in Dallas primarily for another reason, assisted appellee in locating some of the materials.

After Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, in 1877, wherein the court held rather broadly that a personal judgment rendered in a state court against a nonresident, without personal service of process upon him within the state or his appearance in the action, was invalid, the trend of decisions by the United States Supreme Court has been "toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents." McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. Such jurisdiction has been recognized if the defendant, though a nonresident, have certain "minimum contacts" with the forum state such that "traditional notions of fair play and substantial justice" are not offended by the maintenance of the suit. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. Such minimum contacts as the making of the contract, out of which the suit arose, in the forum state have been held sufficient to accord jurisdiction to that state without doing violence to due process. McGee v. International Life Ins. Co., supra, followed by our Supreme Court in O'Brien v. Lanpar Co., Tex.Sup.1966, 399 S.W.2d 340.

The application of the rules laid down by the foregoing authorities requires a holding that appellant's minimum contacts with the State of Texas were such as to give the trial court jurisdiction over his person, provided he was properly served under the appropriate statute. The contract was made in Texas and was, with appellant's consent, partially performed in Texas. We think these facts alone clearly bring this case within the rule of O'Brien v. Lanpar Company, supra. Appellant's first three points of error are overruled.

By his fourth, fifth and sixth points of error the appellant urges that appellee's pleadings and proof failed to invoke the provisions of Art. 2031b, V.A.C.S. and that consequently it was error for the court to overrule his motion under Rule 120a, T.R.C.P., and to render judgment by default against him.

The pertinent parts of Art. 2031b, V.A.C.S. are:

Sec. 2. "When any * * * non-resident natural person * * * shall engage in business in this State, * * * service may be made by serving a copy of the process with the person who * * * is in charge of any business in which the defendant or defendants are engaged * * *."

Sec. 3. "Any * * * non-resident natural person that engages in business in this State * * * and does not maintain a place of regular business in this State or a designated agent upon whom service may be made * * *, the act or acts of engaging in such business * * * shall be deemed equivalent to an appointment * * * of the Secretary of State of Texas as agent upon whom service of process may be made * * *."

Sec. 4. "For the purpose of this Act, * * * any * * * non-resident natural person shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State * * *."

Appellee's petition alleged that appellant "is doing business in the State of Texas as defined by Art. 2031–B, Texas Revised Civil Statutes, but has appointed no agent

for service of process within the State of Texas," thus invoking Section 3 of Article 2031b. Unless the record before us affirmatively shows a strict compliance with the mode of service set forth in Article 2031b, these points must be sustained. McKanna v. Edgar, Tex.Sup.1965, 388 S.W.2d 927, 929.

In considering this matter we shall assume that appellant was "doing business in this State" since he did enter into a contract with a resident of Texas to be performed in part in Texas. It was also shown that appellant owned and operated, through a local manager, several apartment buildings in Dallas.

 Resort can be had to Section 3, of Article 2031b, only if Section 2 is unavailable. McKanna v. Edgar, supra. It was also held in that case that a plaintiff seeking to obtain substituted service under Section 3 by serving the Secretary of State must necessarily allege that the defendant "does not maintain a place of regular business in this State or a designated agent upon whom service may be made." The nonexistence of both of these conditions is a necessary prerequisite to the applicability of Section 3 because Section 2 provides that if such a place of business is maintained service may be made by serving the person in charge of such business. Not only did appellee fail to allege the absence of a place of regular business maintained in Texas by appellant, but the proof showed that in fact he did maintain such a place of business, to-wit, the apartment buildings. Under these circumstances, service on the Secretary of State was not authorized.

Appellee argues that *McKanna* is not applicable here because it concerned a default judgment, the defendant not appearing, whereas in this case the defendant (appellant) did appear and thus waived any right he may have had to complain of defective service. We do not agree with appellee. Appellant made only a limited or special appearance, as he was authorized to do by Rule 120a, T.R.C.P. Appellant sought

no judgment or adjudication by the court of any question except that raised by the motion to dismiss. Therefore, we overrule this contention. Investors Diversified Services, Inc. v. Bruner, Tex.Civ.App., 366 S. W.2d 810, 815, wr. ref. n. r. e.

Appellant's fourth, fifth and sixth points of error are sustained.

Appellant's seventh point of error on appeal complains of the default judgment because it was rendered without a jury trial, a jury having been demanded by appellee and the jury fee paid. However, the judgment recites that both parties waived the jury, and appellant points to nothing in the record to the contrary. Accordingly, his seventh point of error is overruled.

The judgment is reversed and the cause remanded.

Reversed and remanded.