M. D. COLLINS et ux., Appellants,

v.

R. V. MIZE et al., Appellees.

No. 7894.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 30, 1968.

Rehearing Denied Jan. 27, 1969.

**940**

Crenshaw, Dupree & Milam, and Cecil C. Kuhne, Lubbock, for appellants; Vickers, Garner & Walters, James A. Walters, Lubbock, of counsel.

Garrett & Nation, Fort Worth, for appellees; Fred D. Nation, Jr., Fort Worth, of counsel.

DENTON, Chief Justice.

This is a suit by M. D. Collins and wife, Gwendolyn, to recover a real estate commission in connection with the sale and exchange of real estate under the terms of a written contract of sale executed by Chisholm Center, Inc., by R. V. Mize, seller; and James Masten and wife, Sylvia Masten, purchasers. This is an appeal by Collins and wife from an order sustaining the Plea to the Jurisdiction of the Mastens, and from an order sustaining the Pleas of Privilege of Chisholm, Mize and LaQuita Sue Smart.

The written contract, dated May 22, 1967, provided for the exchange of certain described property in Duncan, Oklahoma, owned by Chisholm to the Mastens in exchange for property owned by them in Costella County, Colorado and in Reeves County, Texas. The contract contained an agreement by these parties to pay Collins, the real estate agent, a commission of $20,000.00, or to convey to Collins certain described property located in Morton, Cochran County, Texas, at the election of the seller and purchaser. This suit was filed in the District Court of Cochran County on March 1, 1968. Service was

obtained upon the Mastens through the Texas Secretary of State.

We shall first consider appellants' contentions concerning the trial court's order sustaining the Mastens' Plea to the Jurisdiction, entered by special appearances under Rule 120a, Texas Rules of Civil Procedure. Appellants contend that its pleadings and proof were sufficient to invoke the provisions of Article 2031b, Vernon's Ann.Civ. St. and that the trial court erred in sustaining this motion filed under Rule 120a.

Section 3 of that Act applies to any foreign corporation * * * and non-resident natural person "that engages in business in this State * * * and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State". Section 6 of the Act is applicable to another category of "non-resident" that is, a corporation, association, joint stock company, partnership or natural person who was formerly a resident of Texas and "becomes a non-resident of Texas * * * after a cause of action shall arise in this State, but prior to the time the cause of action is matured by suit in a court of competent jurisdiction in this State, when such corporation * * * or natural person is not required to appoint a service agent in this State".

Section 4 defines "doing business in this State". This section relates to and must be considered in connection with the construction of Sections 2 and 3 of the Act. Section 6 makes no reference to "doing business" or "engages in business in this State" as found in Sections 2 and 3. We are of the view Section 4 is not to be construed when considering the availability of Section 6.

It is undisputed the Mastens were residents of Cochran County, Texas, when the contract was executed. Although the testimony is rather indefinite, they became residents of Duncan, Oklahoma either in late August, 1967 or early October of that year. It is uncontradicted they were residents of Oklahoma when the suit was filed in Cochran County on March 1, 1968.

The Supreme Court, in McKanna v. Edgar, 388 S.W.2d 927, considered Article 2031b and held resort can be had to Section 3 of that Act only if section 2 is unavailable. We think the same reasoning dictates that resort can be had to Section 3 only if Section 6 is unavailable. Appellants' Supplemental Petition, in answer to Appellees' Special Appearance and Motion to the Jurisdiction, sought to invoke both Sections 3 and 6. In attempting to invoke Section 3 of Article 2031b, they alleged:

"Plaintiffs would further show the Court that the defendants, James Masten and Sylvia Masten, have engaged and do engage in business in this State, specifically, by entering into a contract with residents of this State; and have not and do not maintain a place of regular business in this State or a designated agent upon whom service may be made upon this cause of action, arising out of a contract entered into within this State, with residents of this State."

In seeking to invoke Section 6 of that Act they allege:

"Plaintiffs would show the Court that defendants, James Masten and Sylvia Masten, were residents of the State of Texas at the time the cause of action herein arose, but prior to the time that the cause of action herein was matured by suit in a court of competent jurisdiction in this State, that the said James Masten and Sylvia Masten became non-residents of Texas, as that term is commonly used, by moving their residence to Duncan, Stephens County, Oklahoma."

There was proof the Mastens had no office or business in Texas since moving to Oklahoma nor had they appointed an agent for service of process within the State of Texas. This is sufficient proof to invoke Section 3, but it does not comply with the provisions of Section 6.

It is well settled in this state that it is imperative and essential that the record affirmatively show strict compliance with the mode of service set forth in Article 2031b. McKanna v. Edgar, supra. Castle v. Berg (Tex.Civ.App.) 415 S.W.2d 523. The burden is upon the plaintiff, appellants here, of making sufficient allegations to bring the defendants within the provisions of Article 2031b. McKanna v. Edgar, supra. In attempting to invoke Section 6, appellants failed to allege the non-resident Mastens were "not required to appoint a service agent in this State" nor was there proof that such appointment was not required. The absence of this allegation renders the allegation insufficient to confer jurisdiction under Section 6. Under such circumstances, service of process upon the Secretary of State was not sufficient to invoke personal jurisdiction of the Mastens in the District Court of Cochran County, Texas.

Appellants next complain of the trial court's order sustaining the Plea of Privilege of LaQuita Sue Smart to be sued in Lubbock County, the county of her residence. Subsequent to the execution of the contract in question on May 22, 1967, the Mastens deeded the Colorado property to Mrs. Smart, their daughter. On July 18, 1967, Mrs. Smart executed a Warranty Deed to this same Colorado property to R. V. Mize, one of the defendants below. Appellants alleged a cause of action against Mrs. Smart as an agent of the Mastens in holding title to the Colorado property and conveying it to Mize. She was not a party to the contract and there is no evidence she had any interest in the property. The Mastens deeded this property to her without her knowledge and she in turn deeded it to Mize at her father's request. Masten testified this was done in order that some people who had judgments against him in Texas could not reach that land. He described his daughter's position in the transaction as "just an innocent bystander. She done what I told her."

Appellants' controverting affidavit asserts the suit is lawfully maintainable in Cochran County against the Mastens under Subdivision 3 of Article 1995, V.A.C.S. and against Mrs. Smart under Subdivision 29a. The appellants clearly established that they were residents of Cochran County, Texas and that the Mastens were residents of Oklahoma. This is sufficient to maintain venue in Cochran County against the Mastens under Subdivision 3. The existence of a cause of action is not an essential venue fact under this subdivision. Camtex Oil Corporation v. Huffines (Tex.Civ.App.) 273 S.W.2d 471. Ward v. Davis (Tex.Civ.App.) 262 S.W.2d 533. The party relying upon Subdivision 29a to hold venue in a county other than the county of the residence of a defendant must plead and prove that such defendant is a necessary party to the action. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758. Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107. A necessary party, within the meaning of Subdivision 29a, is one whose joinder is necessary to afford the plaintiff full relief to which he is entitled. Appellants' suit against the appellants, including Mrs. Smart, was enforcement of an obligation to pay a real estate commission under the provisions of the written contract of sale. Mrs. Smart did not execute the contract in any capacity. She authorized no one to execute the contract in her behalf nor did she have an interest in the property, legal or equitable, at the time the contract was executed. Neither did she have any interest in the property at the time the cause of action arose, if it did. Mrs. Smart, not having contracted in writing to perform the obligation sought to be enforced, is not a necessary party to this suit under the provisions of Subdivision 29a. Wisenbaker, Fix & Associates v. City of Hurst (Tex. Civ.App.) 404 S.W.2d 958 and Wisenbaker v. Johnny Folmar Drilling Co. (Tex.Civ. App.) 334 S.W.2d 465 (Dismissed). The trial court properly sustained her Plea of Privilege.

We next consider appellants' points of error which relate to the trial court's order sustaining the Pleas of Privilege of Chisholm Center, Inc. and R. V. Mize. As to these parties, appellants rely upon Sections 3, 5, 27 and 29a, Article 1995, V.A.C.S., to maintain venue in Cochran County.

As stated above, the facts necessary to maintain venue in Cochran County against the Mastens under Subdivision 3 were established. This is true in spite of the fact the trial court did not have personal jurisdiction of the Mastens under the record presented here. The lack of jurisdiction over the out-of-state defendant is not essential to the application of Subdivision 3 against a non-resident defendant who is a necessary party. McCarty v. Hinman (Tex.Civ.App.) 342 S.W.2d 29; Gonzalez v. Burns (Tex.Civ.App.) 406 S.W.2d 527. The plaintiffs who rely on Subdivision 29a to maintain venue against Chisholm Center, Inc. and R. V. Mize, its president, must plead and prove the facts which make such defendants necessary parties to the suit within the meaning of that subdivision. Shaw v. Allied Finance Company, supra. Ladner v. Reliance Corporation, supra. Dina Pak Corporation v. May Aluminum, Inc. (Tex.Civ.App.) 417 S.W.2d 419. Every party whose joinder is necessary to afford the plaintiff the full relief he is entitled to in the suit which can be maintained in that county is a necessary party within the meaning of Subdivision 29a. Ladner v. Reliance Corporation, supra. McCormick v. Vernon Butler Chevrolet Company (Tex.Civ.App.) 372 S.W.2d 757. The subject matter of appellants' suit against all defendants is to recover a real estate commission in connection with the sale and exchange of real estate as provided in a written contract of sale. The written contract sued upon was executed by the Mastens and by Chisholm Center, Inc. by R. V. Mize, together with Collins as agent. The execution of a contract by all these parties was established. There were allegations and proof the subject real property had in fact been exchanged. The Oklahoma property had been conveyed to the Mastens. They were in possession of this property, an apartment building, at the time of the hearing. The Colorado and Reeves County property had been conveyed to R. V. Mize prior to the institution of this suit. The contract provided:

"Both Seller and Purchaser have agreed to pay to M. D. COLLINS, Agent, a commission of $20,000.00, or, at the Seller's and Purchaser's election, the property located at 602 Shelley Drive, in Morton, Texas, shall be conveyed to said Agent, free and clear of any lien and in full satisfaction of the commission above stipulated. This election shall be made by the Seller and the Purchaser in this Contract. Of the $20,000.00 commission, the Seller, (Chisholm Center, Inc.) shall pay $14,525.00, and the Purchaser (James Masten and wife, Sylvia Masten) shall pay $5,475.00."

Appellees offered evidence to the effect the subject contract was never performed, but abandoned because of the failure of certain conditions set out in the contract. These matters constitute an affirmative defense which should be determined at the trial on the merits. Petroleum Producers Company v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (Opinion adopted). Scott v. Beaver (Tex.Civ.App.) 405 S.W.2d 644. Arnold H. Bruner & Co. v. Hidalgo County Water Control & Improvement District (Tex.Civ.App.) 371 S.W.2d 932. We are of the opinion Chisholm Center, Inc. and R. V. Mize, who signed the contract and was the grantee of the deeds conveying the Masten property, are necessary parties to plaintiffs' suit in Cochran County within the meaning of Subdivision 29a.

The judgment of the trial court, in sustaining the Plea to the Jurisdiction of James and Sylvia Masten is affirmed; the order sustaining the Plea of Privilege of LaQuita Sue Smart is affirmed; the order

sustaining the Plea of Privilege of Chisholm Center, Inc. and R. V. Mize is reversed and the cause is remanded to the District Court of Cochran County.

Affirmed in part and reversed and remanded in part.