Gordon Shelby **TAYLOR** et al., Appellants,

v.

Cecil **NEAL** et al., Appellees.

No. 8142.

Court of Civil Appeals of Texas, Amarillo.

May 3, 1971.

Rehearing Denied May 24, 1971.

Sheehan & Dubuque, Inc., Louis T. Dubuque, Dumas, for appellants.

Lovell, Lyle & Cobb, R. A. Renfer, Jr., Dumas, for appellees.

JOY, Justice.

This is a suit filed by appellees to recover a real estate commission. The case was tried before the court on stipulation of facts and summary judgment was granted to appellees awarding a real estate commission. Reversed and rendered.

The parties will be referred to here as they appeared in the trial court. Plaintiffs and defendants entered into an oral agreement on or about October 1, 1966, whereby plaintiffs were to attempt to sell a tract of land belonging to defendants and if plaintiffs were successful, they were to receive a five percent (5%) commission. Plaintiffs secured a purchaser and a contract of sale was entered into between defendants and Ralph Hamm, purchaser. The contract provided for a 5% commission to be paid to plaintiffs upon delivery of the deed. The contract further was made contingent upon another sales contract entered into the same date (undated, but stipulated as being October, 1966) between defendants and another purchaser, Paul Hays, covering another tract of land owned by defendants. The Hays' contract was contingent upon Hays securing an acceptable loan from Equitable Life Insurance Company. Hays was unable to secure an acceptable loan and this contract was abandoned. As a result, the Hamm contract was also abandoned and on December 21, 1966, plaintiffs, defendants and Hamm executed an escrow release to the escrow agent authorizing the return of the monies to the purchaser, Hamm. The parties stipulated in the trial court that the intent of plaintiffs, defendants and Hamm in the original contract was that the sale would not be closed unless the sale of the land to Hays was consummated. On February 28, 1967, defendants and Hamm entered into a new contract of sale covering the identical land in the original contract. Plaintiffs in no way participated in the negotiation or execution of this second contract between the identical parties. This contract was closed by delivery of a deed dated March 31, 1967, and the payment by Hamm to defendants of $2,500.00 as an initial cash payment. Hamm defaulted on the first payment due and reconveyed the land to defendants by deed dated January 15, 1968.

Defendants' first point of error contends that the stipulated facts taken in conjunction with the contract here sued on require judgment for defendants for the reason that the contract was expressly conditioned on the closing of the second or Hays contract and that condition having failed, the defendants were no longer obligated under the first Hamm contract to pay plaintiffs a commission. We agree with this contention when considered with defendants' second point that plaintiffs had no written agreement for the commission as required by Article 6573a, § 28, Texas Revised Civil Statutes. The plaintiffs' right to a commission was embodied only in the first contract which was never completed. This right was a contingent right only and was defeated or extinguished upon the abandonment of the first contract. The second contract entered into between defendants and Hamm was different in certain terms and conditions from the first contract although covering the same land and for the same total consideration. Plaintiffs' contingent right to a commission was extinguished upon the abandonment of the first contract which was agreed to by plaintiffs, as reflected by plaintiffs' agreement to the return of the escrow monies. Plaintiffs then had no agreement in writing upon which they could bring an action for their commission. Article 6573a, T.R.C.S.

Where an agent sues upon an express contract made with a seller, he is entitled to recover upon the express terms and conditions of that contract and not otherwise. Warren v. Russell, 206 S.W.2d 132 (Tex. Civ.App.—Austin 1947, n. w. h.). See also O'Boyle v. DuBose-Killeen Properties, Inc., 430 S.W.2d 273 (Tex.Civ.App.—Dallas 1968, ref'd n. r. e.), and Pryor v. Jolly, 91 Tex. 86, 40 S.W. 959 (1897).

Our disposition of the case makes it unnecessary that we consider other points raised.

The judgment of the trial court is reversed and judgment rendered for defendants.