**Lucille BLAKELY, Appellant,**

**v.**

**Lois CRAIG, Appellee.**

**No. 18263.**

Court of Civil Appeals of Texas, Dallas.

Jan. 31, 1974.

John R. Stooksberry, Plano, for appellant.

Gilbert P. Howard, Dallas, for appellee.

BATEMAN, Justice.

This is an appeal from an order overruling appellant's plea of privilege.

Appellee, a licensed real estate broker, secured from appellant an exclusive listing to sell 34 acres of land owned by appellant in Collin County. Appellee produced a purchaser for the property and a contract was signed dated May 28, 1971. Appellee was listed as principal agent, Majors & Majors as cooperating agent, Dan B. Majors as purchaser, and appellant Lucille Sinclair (now Lucille Blakely) as seller. Paragraph Thirteen of the contract is the section relevant to this suit, and it provides as follows:

13. Seller agrees to pay the Real Estate Agent first named below (referred to herein as the "Principal Agent") a commission in cash for negotiating this contract equal to the following percent of the total sales price of the property computed as follows: 6% of said sales price. The Principal Agent's right to such commission shall irrevocably vest upon the execution of this contract, notwithstanding any subsequent termination or variation of this contract or any default by Seller or Purchaser . . . Said commission shall be paid by Seller to the Principal Agent in Dallas, Texas, at the Closing (or in the event of default by Seller or Purchaser, then said commission shall be paid within ten days after the Scheduled Closing date) . . . .

The sale was not completed because the appellant did not have fee title to the property but owned a mere life estate under the will of her deceased father. Appellee secured legal counsel for appellant and legal proceedings were instituted to have the property sold at a judicial sale. This was accomplished by sale to Dan B. Majors under a court order. Appellee sued to recover her commission under the written contract and, alternatively, for quantum meruit.

The order overruling the plea of privilege is based upon a finding that the suit is upon a written contract performable in Dallas County, within the provisions of Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995, § 5 (1964). The statute is as follows:

5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

In her first point of error appellant asserts that the trial court erred in overruling the plea of privilege in that the contract was not proved to be a valid and binding instrument.

Appellant's only contention under this point is that appellee failed to carry

her burden of showing that the contract on which she relied was supported by consideration. The contention is without merit simply because appellee was under no such burden. In the absence of a sworn plea setting up failure or lack of consideration, her only burden was to plead and prove three venue facts: (1) an obligation in writing; (2) execution of the contract by appellant; and (3) that the writing requires performance by appellant in Dallas County. All three were proved by introduction of the contract in evidence, its execution by her not having been denied by appellant. Pitt Grill, Inc. v. Albert, 432 S.W.2d 160, 163 (Tex.Civ.App.—Dallas 1968, no writit); Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956).

 It was not necessary for appellee to prove the merits of her cause of action at the venue hearing. Rudman v. Hawkins, 226 S.W.2d 491 (Tex.Civ.App.—Eastland 1950, no writ); Ellis v. Trad, 499 S.W.2d 666 (Tex.Civ.App.—Eastland 1973, no writ); Collins v. Mize, 436 S.W.2d 938, 943 (Tex.Civ.App.—Amarillo 1968, reformed on other grounds, 447 S.W.2d 674). Appellant's first point is overruled.

Under her second point of error appellant contends that the contract under which venue was held in Dallas County is not the real obligation sued upon. She argues that the first contract was abandoned by the parties to it and that appellee acquiesced in this abandonment. In opposition to this contention appellee argues that the contract for the commission is divisible from the contract for sale. While this appears to be correct under Leonard v. Kendall, 190 S.W. 786 (Tex.Civ.App.—Dallas 1916, writ ref'd), we do not find it necessary to decide whether this contract is divisible. There is no indication in the petition that the contract in question had been abandoned. The contract sued upon was the written agreement providing for the payment of a commission in Dallas County; if that agreement was in fact abandoned by appellee that would be a de-

fense to the merits of the claim, Taylor v. Neal, 467 S.W.2d 197 (Tex.Civ.App.—Amarillo 1971, writ dism'd), but would not determine the question of venue. The other cases relied upon by appellant under this point are not applicable because in those cases the obligation sued upon was not the contract specifically naming the place for performance as in the present case. Appellant's second point of error is overruled.

Point number three complains that the court erred in admitting a letter from appellee to appellant when it had no bearing on the question of venue. In this letter, written after discovery of the defect in appellant's title, appellee stated that appellant was nevertheless indebted to her for the commission, to which appellant agreed by notation on the margin. We agree with appellant that this letter was not relevant to the venue question, but overrule her third point of error because she has not shown that the error, if any, was calculated to cause and probably did cause the rendition of an improper judgment. Texas Rules of Civil Procedure, rule 434.

Affirmed.