**A. B. MORROW, Appellant,**

v.

**Odie O. LaRUE, Appellee.**

**No. 19068.**

Court of Civil Appeals of Texas, Dallas.

Dec. 15, 1976.

Jerry Lastelick, Lastelick, Anderson & Hilliard, Dallas, for appellant.

Bill Pemberton, Pat Winters, Pemberton & Green, Greenville, for appellee.

CLAUDE WILLIAMS, Chief Justice.

■ A. B. Morrow appeals from the order of the trial court denying his plea of privilege. Odie O. LaRue (LaRue) sued Morrow Ford Tractor, Inc. and A. B. Morrow (Morrow), the sole shareholder of the corporation, on a promissory note payable in Hunt County, Texas. Morrow filed a plea of privilege contending that the suit against him in his individual capacity should be prosecuted in the county of his residence. LaRue filed a controverting plea seeking to maintain venue in Hunt County based solely upon Tex.Rev.Civ.Stat.Ann. art. 1995 § 5(a) (Vernon Supp.1976). Following a hearing before the trial court, Morrow's plea of privilege was overruled. He predicates his appeal on the ground that the trial court erred since there is no evidence, or in the alternative insufficient evidence, to support the court's finding that venue is proper in Hunt County. He argues that the fact that LaRue's uncontroverted testimony shows that although LaRue, as payee, accepted a promissory note payable in Hunt County, Morrow signed a note in his capacity as the president of the corporate maker only and not in his individual capacity. We agree with Morrow's contention and, accordingly, reverse the order of the trial court and render judgment that the cause of action as against Morrow, individually, should be transferred to the District Court of Rockwall County.

At the plea of privilege hearing, LaRue introduced into evidence a promissory note, dated December 2, 1974, which showed LaRue as payee and Morrow Ford Tractor, Inc., as maker, with Morrow executing the note as its president. Morrow testified that he was president of the corporation on the date the note was executed and that he signed the note in his representative capacity as president only. LaRue testified that he was aware that Morrow was president of

the corporation when he dealt with him on December 2, 1974. He also testified that all payments which he received on the note were from the corporation and not from Morrow.

LaRue's contention that venue properly lies in Hunt County is based upon subdivision 5(a) of the venue statute which reads as follows:

> Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

LaRue argues that in a venue hearing which involves subdivision 5(a) he need only show that he is the holder and owner of the promissory note, that the note bears the signature of Morrow, and the note is payable in Hunt County. Thus, he contends that he is not required under this venue section to prove a cause of action against Morrow to establish venue. He relies upon such cases as *Petroleum Producers Co. v. Steffens*, 139 Tex. 257, 162 S.W.2d 698, 699 (1942); *Scott v. Beaver*, 405 S.W.2d 644, 645 (Tex.Civ.App.—Austin 1966, no writ); *Pitt Grill, Inc. v. Albert*, 432 S.W.2d 160, 163 (Tex.Civ.App.—Dallas 1968, no writ); and *Blakely v. Craig*, 505 S.W.2d 359, 361 (Tex. Civ.App.—Dallas 1974, no writ).

LaRue takes the position that the basic issue to be determined is whether the trial court correctly ruled that a defensive issue of individual liability on the contract in writing should be presented at the trial on the merits rather than at the plea of privilege hearing. More specifically, he relies upon *Seale v. Nichols*, 505 S.W.2d 251 (Tex. 1974) for the proposition that personal liability is a matter to be decided either by summary judgment or in a trial on the merits and not at a plea of privilege hearing. In *Seale*, the supreme court was concerned only with an appeal from a summary judgment, and the note did not show on its face that the defendant signed in a repre-

sentative capacity. In this situation the court held that representative capacity was an affirmative defense, which was not raised by the summary-judgment proof. The court did not address the sufficiency of proof during a plea of privilege hearing.

■ However, we agree with LaRue that subdivision 5 does not require proof at the venue hearing of Morrow's liability on the contract. It does, however, require proof that Morrow is the person who has "contracted in writing to perform an obligation in a particular county." The question is whether proof that the contract was made on behalf of a corporation and that the individual defendant signed only in a representative capacity is sufficient to establish that the individual defendant "has contracted in writing to perform an obligation in a particular county." We conclude that such proof is not sufficient. If the contract shows on its face that the individual defendant signed in a representative capacity, then it is established that the "person" who contracted was the corporation rather than the individual.

In the case before us, the note shows on its face that Morrow signed it in a representative capacity for the corporation. At the bottom of the note in question the signature line contains the following:

> Morrow Ford Tractor, Inc.
> By: A. B. Morrow (hand-written signature)
> A. B. Morrow, President (type-written title)

It is apparent that the note on its face shows the person represented, i. e. the corporation as a legal person, and the representative capacity, i. e. "By" and "A. B. Morrow, President." Consequently, Morrow has not individually "contracted in writing" to perform the obligation.

■ Finally, LaRue argues that subdivision 5 refers only to the person signing the contract and is not limited to the capacity in which that person is acting. We cannot agree. To so hold would permit any person acting as an agent for a corporation to be sued outside his county of residence in an

individual capacity. We do not believe the legislature intended such a result.

The order of the trial court is reversed, and judgment is here rendered that the cause of action against A. B. Morrow be transferred to the District Court of Rockwall County, Texas.

Reversed and rendered.