[L. A. No. 1012.   In Bank.—October 7, 1902.]

## SAN DIEGO SAVINGS BANK, Respondent, v. EDWARD L. GOODSELL et al., Defendants; KATE D. TREAT GOODSELL et al., Appellants.

APPEAL FROM JUDGMENT—REVIEW—BILLS OF EXCEPTION—MOTIONS TO VACATE ORDER FOR PUBLICATION—APPEARANCE TO MERITS.—Upon appeal from the judgment, bills of exception upon motions of appellants to vacate an order for publication of summons cannot be considered where there was no special appearance for the purpose of the motion, and where there was a general appearance and answer by each of them to the merits of the action.

ID.—INSUFFICIENT BILL OF EXCEPTIONS—DOCUMENT NOT INCORPORATED—RULE OF COURT—STIPULATION.—A bill of exceptions, certified as settled by the judge, which merely refers to numerous papers and documents as used at the hearing, which are not incorporated in the bill of exceptions, as required by rule XXIX of this court, is insufficient and cannot be considered upon appeal. Documents omitted from the bill of exceptions cannot be properly authenticated by stipulation of counsel as to the correctness of file-marks and indorsements upon documents referred to which are printed separately in the transcript.

ID.—FORECLOSURE OF MORTGAGE—AMENDED COMPLAINT—NEW PARTIES.—SERVICE UPON DEFAULTING DEFENDANT.—In an action to foreclose a mortgage, an amended complaint which merely brings in new parties in which a defaulting defendant is not interested, and which is not an amendment in matter of substance as to such defendant, does not open the default or require the service of the amended complaint upon the defaulting party.

ID.—AFFIDAVIT FOR PUBLICATION—RESIDENCE OF DEFENDANT—PLACE OF "ADDRESS."—An affidavit for publication which states that a defendant "resides out of the state of California, her last known address being Stockton Springs, Maine," is not insufficient in using the word "address," which signifies a direction for guidance as to the particular place where the defendant resides, and the court properly accepted this statement as evidence of the residence of the defendant.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Appellants.

J. Wade McDonald, and N. H. Conklin, for San Diego Savings Bank, Respondent.

Works & Works, for People's Trust Company of Brooklyn, Respondent.

CHIPMAN, C.—Foreclosure. The complaint sets forth the ordinary action to foreclose a mortgage executed by Edward L. Goodsell and his wife, Kate Goodsell, to secure their promissory note for fifteen thousand dollars. The appeal is by Mrs. Goodsell and by defendants Sarah Killman and Maggie K. Littlefield, from the judgment in favor of plaintiff, on the judgment-roll, and upon three bills of exceptions, namely:—

1. Bill of exceptions of defendant Kate Goodsell and defendant People's Trust Company, taken at the hearing of motion for an order vacating the order for publication of summons, made July 27, 1898, and to set aside all subsequent proceedings;

2. Bill of exceptions of defendants Kate Goodsell and Sarah Killman, taken at the hearing of their motion for an order vacating the order of publication of the two summonses issued in the action, and to vacate and quash the summons issued June 14, 1899, and to vacate and quash the service by publication of both said summonses;

3. Bill of exceptions of defendant Maggie Littlefield, taken at the hearing of similar motion as last above.

As to the bill of exceptions of Goodsell, it cannot be considered, for the reason that she did not appear specially to make her motion, and when it was denied she appeared generally by answer to the merits. Nor can the bill of exceptions of Goodsell and Killman be considered, for the reason that before their joint motion was made both of them appeared generally and answered to the merits. These appearances were without reservation, and constituted a submission to the jurisdiction regardless of any imperfections in the order of publication of summons or other proceedings by which they were brought into court.

Respondent objects to the consideration of appellant Littlefield's bill of exceptions or of any of this appellant's assignments of error, because the bill of exceptions does not set forth or contain the notice of motion nor the substance thereof, nor the papers and evidence used at the hearing. Like objection

was made to a consideration of the other bills of exceptions, but, as the two appellants Goodsell and Killman answered, it is not necessary to consider them. The bill of exceptions of Littlefield states that in support of the motion appellant "read the following papers in the above-entitled action on file in the office of the clerk of the above-entitled court,—viz: 1. The said notice of motion and the affidavit of Maggie K. Littlefield attached thereto, both filed December 29, 1899." Then follow like descriptions of thirteen other papers in the case. Neither the notice of the motion nor any other of the papers was incorporated in the bill of exceptions. They are simply described by a brief reference to their character, date of the paper, and date of filing. The bill states that "no other affidavits or other evidence, documentary or otherwise, was offered, used, or read at the hearing of said motion," and recites that the order was made January 9, 1900. Appended is a stipulation, signed by respective counsel, "that the above and foregoing be settled and allowed as the bill of exceptions to the order made . . . January 9, 1900, denying the notice of said defendant for an order vacating," etc., (stating generally the purpose of the motion,) "all exceptions and objections reserved" by counsel for plaintiff. The judge signed and settled the bill "in accordance with the above stipulation," and in this form it was served February 2, 1900. In the printed transcript the certificate to the judgment-roll by the clerk then follows. After this later certificate is the affidavit of Littlefield attached to her motion, in which it is stated that she appears especially for the purpose of making the motion, and not otherwise, and noted on it is service of copy on plaintiff's attorney. Appended to the foregoing is a stipulation signed by respective counsel "that the foregoing are full, true, and correct copies of the following documents on file and of record in the clerk's office, . . . in the above-entitled action, and of orders in said action entered in the minutes of said court,—viz: the judgment-roll in said action, the notice of motion of Maggie K. Littlefield to set aside order for publication of summons, etc., and affidavit of Maggie K. Littlefield, filed December 3, 1899," (and some other matters not material to the present question,) and "we do further certify that the indorsements of admission of service and file-marks of all said documents are correct as stated."

Since *Herrlich* v. *McDonald,* 80 Cal. 472; *Von Glahn* v. *Brennan,* 81 Cal. 261; and more especially *Somers* v. *Somers,* 81 Cal. 608, the court has in all cases adhered to the procedure there laid down.   (*Adams* v. *Andross,* 85 Cal. 609; *Shain* v. *Eikerenkotter,* 88 Cal. 14; *White* v. *White,* 88 Cal. 429; *Miller* v. *Lux,* 100 Cal. 609; *Spreckels* v. *Spreckels,* 114 Cal. 60; *Melde* v. *Reynolds,* 120 Cal. 234.)

The appeal from the order must be heard upon the papers used on the hearing in the court below.

By section 951 of the Code of Civil Procedure it is provided that ''on appeal from a judgment rendered on an appeal, or from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of papers used on the hearing in the court below.'' Rule XXIX of this court (formerly rule XXXII) provides how the papers are to be authenticated, and is as follows: ''In all cases of appeal to this court from the orders of the superior court the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except when another mode of authentication is provided by law.''

The case here comes under rule XXIX, and unless we can say that the papers and evidence used at the hearing are properly authenticated we cannot consider the bill of exceptions.   The decisions above referred to hold, and the language of the rule is, that the papers and evidence used at the hearing ''must be authenticated by incorporating the same in a bill of exceptions''; and this means, must be set forth in and made a part of it.   The bill of exceptions taken on the hearing of a motion such as the present one is entirely distinct from the judgment-roll, and is intended to be complete in itself for its own purposes.

The bill of exceptions certified as settled by the judge refers to fourteen different papers and documents as used at the hearing, not one of which is incorporated in the bill.   The only authentication of the notice of the motion and attached affidavit of Littlefield, which is essential to the consideration of the motion, is by stipulation of counsel.   Similarly they authenticate, by stipulation, the correctness of the judgment-roll, and add that ''the indorsements of admission of service

and file-marks of all said documents are correctly stated,''—
this probably for the purpose of aiding this court to identify
them. But the judge alone is authorized to authenticate the
papers used at the hearing, and this must be done by incorpo-
rating them in the bill of exceptions. Appellants seem to
contend that giving a brief description of the character of a
paper, its date, date of filing, and the name of the person
making the affidavit (where an affidavit is the paper) is suffi-
cient if, upon an examination of the transcript, a particular
paper can somewhere be found answering the description and
no other can be found fitting the description. And it was
upon this theory, apparently, the judge was asked to settle
the bill. He followed the stipulation of counsel, but the stipu-
lation was, that the skeleton form used should be settled and
allowed, plaintiff ''reserving all exceptions and objections,''
and the judge settled the bill as thus presented without, as we
have seen, authenticating a single paper referred to in it.
We are asked to say that the papers and evidence need not be
incorporated in the bill of exceptions, but that it is sufficient
if they be so earmarked that they can be identified in the
transcript by reference to the catalogued list of papers in the
bill and by a comparison of them with like papers found in
the transcript. The court rule was intended to remove all
doubt as to what papers were read to the court at the hearing
of the motion, by requiring them to be incorporated in the bill.
This court cannot, under the rule, be asked to search through
the transcript to discover papers referred to in the bill of
exceptions only by some general description or by their dates
and dates of filing. Aside from the labor entailed upon the
court by this method, it would lead to uncertainty and doubt
often as to the papers intended to be included in the bill,
and would lack that certainty of authentication which must
come alone from the judge who hears the motion. In the
present case it is only by conjecture or inference that it can
be said that any of the papers found in the printed transcript
are the ones which are referred to in the bill of exceptions as
having been read at the hearing of the motion.

Moreover, the bill of exceptions recites that there was read
at the hearing an affidavit of Littlefield filed December 29,
1899, whereas the affidavit by her which is set forth in the
transcript is indorsed as having been filed December 30, 1899.

It cannot be assumed that this is the one which was read at the hearing.

The court said in *Melde* v. *Reynolds,* 120 Cal. 234: "Whether an affidavit was 'used on the hearing' (and the same would be true of any other paper or any evidence thus used), can be determined only by the judge before whom the hearing was had, and as there is no other mode provided by law for authenticating the affidavit which may be used on the hearing of the motion, under rule XXIX they cannot be considered on the appeal unless they are incorporated into a bill of exceptions." (Citing *Spreckels* v. *Spreckels,* 114 Cal. 60, and other cases, *supra.*)

2. The bills of exceptions not being before us, the only appeal to be considered is from the judgment. So far as appellants Goodsell and Killman are concerned, they answered, fully setting up their interest in the property. The court found the allegations of their answer and defense to be true, and decreed the sale of the mortgaged premises, except certain tracts described in these answers. We do not understand that these appellants claim that the judgment was violative of any of their rights as set up in their answers, or that their rights were not fully protected by the decree.

3. Appellant Littlefield contends that the amended complaint was never served upon her. Her default was entered October 31, 1898, and the complaint was amended June 12, 1899. Appellant concedes the rule that proof of service of amended pleadings need not appear in the judgment-roll, and that in the absence of an affirmative showing to the contrary service will be presumed. It is claimed, however, that the record speaks of what was done to acquire jurisdiction by service of process, and cannot be gainsaid. The claim is, that service not being made on appellant it opened her default, and that no judgment could be entered against her without first serving this amendment and giving her an opportunity to answer. (Citing *Thompson* v. *Johnson,* 60 Cal. 292, *Linott* v. *Rowland,* 119 Cal. 452; *Witter* v. *Bachman,* 117 Cal. 318.) The amendment was for the sole purpose of making the husbands of defendants Mrs. Littlefield, Mrs. Killman, and Mrs. Thayer parties defendant, alleging that they "claim or have some interest in the mortgaged premises, . . . but that all of said claims are subordinate to . . . plain-

tiff's mortgage.'' In the cases cited by appellant the amendments were clearly in matter of substance. *Reinhart* v. *Lugo,* 86 Cal. 395,[1] was an action for partition, and the court held that bringing in new parties defendant by amendment, alleging that they have or claim an interest in the subject of partition, is matter of substance. Appellant contends that the same is true under like allegation in an action to foreclose a mortgage. We do not think so. In partition all the interest of all persons in the property must be set forth as far as known to the plaintiff. (Code Civ. Proc., sec. 753.) The nature of the action makes the bringing in of a new party matter of substance. But not necessarily so in foreclosure. There is nothing in the record to show that appellant Littlefield was in any way interested in or affected by the appearance of these new parties in the case. We do not think the amendment was as to her in matter of substance, and service on her was unnecessary.

4. Appellant objects to the sufficiency of the affidavit for publication and that it does not comply with the provisions of sections 412 and 413 of the Code of Civil Procedure, which it is claimed must be read together, and the court had no authority to order publication. Section 412 provides that the court may order service of summons to be made by publication ''where the person on whom service is to be made resides out of the state.'' Section 413, among other things, provides that ''in case of publication where the residence of a non-resident or absent defendant is known, the court or judge must direct a copy of the summons and complaint to be forthwith deposited in the post-office, directed to the person to be served, at his place of residence.'' It is contended that these provisions were not complied with, and that the record so shows. The statement in the affidavit as to Littlefield is: ''Resides out of the state of California, her last known address being Stockton Springs, state of Maine.'' The order of the court was that the summons be published once a week for two months, designating the paper, ''and that a copy of the summons and complaint in this action be forthwith deposited in the post-office, directed to each of the said persons at their several places of residence, to wit,'' (then follow the names and addresses as shown in the affidavit,) and ''to the said Maggie

---

[1] 21 Am. St. Rep. 52, and notes.

K. Littlefield, Stockton Springs, Maine.'' The affidavit of
mailing shows that the order of the court was complied with.
The proof of publication of summons is also duly made. It
is contended that the two sections must be read together
(citing *Ricketson* v. *Richardson,* 26 Cal. 149), and that they
require the affidavit to state the place of residence, if known,
and if unknown, to so state; that the term ''address'' will
not supply the omission to state the ''residence,'' for the
reason that the term ''address'' is not the equivalent of the
term ''residence.'' The trial court treated the designation of
the term used as giving the residence of the defendant, and
designated the place as the residence. The Century Dictionary
defines ''address'' to be ''A direction for guidance, as to a
person's abode; hence, the place at which a person resides,
or the name or place of destination, with any other details,
necessary for the direction of a letter or package; as, what is
your present *address?* Syn.—Residence, superscription.''
There is a well-recognized distinction between the term ''domi-
cile'' and the term ''residence.'' A person may have a resi-
dence separate from his domicile. (*Savage* v. *Scott,* 45 Iowa,
130; *Hanson* v. *Graham,* 82 Cal. 631.) The purpose of the
statute is to secure, if possible, the delivery of a copy of the
summons and complaint to a non-resident defendant, and this
the legislature regarded as most likely to be secured by mailing
to the place of residence rather than to the domicile,—i. e. to
the place where letters and packages were most likely to reach
the defendant, and this would be at his place of address,
which we think the judge was authorized to treat as his
residence. Section 52 of the Political Code prescribes certain
rules for determining the residence of a citizen of this state,
but we do not think they apply necessarily to persons residing
out of the state. We may concede the correctness of the con-
struction of the statute given in *Ricketson* v. *Richardson,* 26
Cal. 149, but we think that where the plaintiff has by affidavit
stated the ''address'' of the defendant out of the state, and
the court has accepted this statement as evidence of the resi-
dence, it is sufficient compliance with the statute.

Appellant claims that the clerk had no authority to enter
her default under section 585 of the Code of Civil Procedure.
It is not necessary to decide whether the clerk may do this in

view of subdivision 3 of that section. Conceding the contention, the entry of default was but nullity, and could not have injured this defendant.

The foregoing covers substantially all the points properly arising on the appeal.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Van Dyke, J., Garoutte, J., Harrison, J.

TEMPLE, J., dissenting.—I dissent. In my judgment, the opinion is most unfortunate. It authorizes the entry of judgment upon substituted service without a compliance with the statutory requirements, and establishes a rule under which such requirements may be easily evaded. The affidavit to procure publication of the summons is utterly insufficient in that it does not furnish the court with the necessary data for its service. The necessity of such affidavit was decided in *Ricketson* v. *Richardson*, 26 Cal. 149. The affidavit showing service is in like manner defective. These papers must now be made part of the judgment-roll. (Code Civ. Proc., sec. 670.) The amendment to this section nullifies many decisions in regard to the presumption of due service. If the judgment expressly asserts or implies due service of process, it will be intended that the proof contained in the record is referred to. And if no service is there shown the judgment cannot be sustained, especially on an appeal from the judgment. That is a direct attack, and the question is whether the record shows jurisdiction, and in such case "the jurisdiction of the court is not to be established by its mere assertion in the judgment that it had acquired jurisdiction." (*Sichler* v. *Look*, 93 Cal. 600.)

In a case where there is no appearance and no personal service of summons it is always possible that the defendant has had no actual notice, and that his property is taken, if such be the effect of the judgment, without a chance to be heard. In such cases the rule has always been, especially upon a direct attack, that all steps provided by the statute must be followed exactly and strictly as enacted. The courts

cannot say that some other course is as likely to give notice as that prescribed. A default is a technical advantage taken of an absent party without a consideration of the merits. In this case fourteen non-residents are served with summons by publication. The affidavit of publication as to some shows simply "the last known address," and as to others "the last known post-office address." The statute requires the summons to be addressed to a defendant at his place of residence. The residence was not shown in any case. One who had purposely prevented the summons from reaching a defendant could truthfully make this affidavit. Suppose, for instance, the affiant knew that the defendant resided at Portland, Oregon, but when he last heard of his whereabouts he was at Washington, D. C. Washington would be the last known address, although affiant knew that the stay there was to be only temporary, and that in all likelihood a summons directed to that place would never reach him. If the summons had been directed to Portland, it would probably have reached him wherever he happened to be, for most men provide for the forwarding of their mail. The rule tolerated in the opinion is not the statutory rule, and if it *might* be used as I have suggested it ought not to be sanctioned by the court. I deem it a material and vicious departure.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.