**Eileen Ann McKANNA, Petitioner,**

**v.**

**Joe EDGAR, Jr., Respondent.**

**No. A–10338.**

Supreme Court of Texas.

March 10, 1965.

Rehearing Denied April 21, 1965.

Dan Moody, Jr., and John E. Clark, Austin, for petitioner.

Tom Higgins, Austin, for respondent.

GREENHILL, Justice.

Some time before this proceeding was instituted, Eileen Ann McKanna, a resident of California, executed and delivered a note to Joe Edgar, Jr., of Austin, Texas. The note was payable in Austin. McKanna did not pay the note when due, and Edgar brought suit. Edgar had a problem in obtaining personal service of process because McKanna lived in California. There is a Texas statute which provides for substituted service upon corporations and individuals doing business in Texas, Article 2031b.[1] Edgar served, or attempted to serve, McKanna by serving the Secretary of State of the State of Texas under that statute. The Secretary of State in turn forwarded the citation to McKanna. McKanna did not appear in the Texas court in person or by attorney. Article 2249a. Based on that service, Edgar obtained a

judgment by default against McKanna on the note. McKanna thereafter instituted this action, within the time allowed, by way of writ of error to the Court of Civil Appeals to set aside the default judgment based on the substituted service. Articles 2249 and 2255. The Court of Civil Appeals refused to set aside the judgment. 380 S.W. 2d 889 (1964).

McKanna, the nonresident defendant, contends that the judgment should be set aside for lack of jurisdiction over her person because (1) the substituted service of citation upon her was not made in accordance with the provisions of Article 2031b in that the record fails to show the existence of the conditions which, under the statute, are a prerequisite to service on her by serving the Secretary of State; and (2) Article 2031b is unconstitutional if it confers jurisdiction under the facts and circumstances of this case.

We reverse both judgments below on the basis of McKanna's first contention. It is therefore unnecessary to consider the constitutional question. For an analysis of Article 2031b, see generally Thode, In Personam Jurisdiction; Article 2031b, the Texas "Long Arm" Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere, 42 Texas Law Review 279, 303–10 (1964); Wilson, In Personam Jurisdiction over Non-residents: An Invitation and a Proposal, 9 Baylor Law Review 363 (1957); Counts, More on Rule 120a, 28 Texas Bar Journal 95, 96 (Feb. 1965).

Since McKanna's mode of review by way of writ of error in the Court of Civil Appeals constitutes a direct attack on the default judgment, the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935); Texaco Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App.1962,

1. References to statutes throughout are to Vernon's Texas Civil Statutes Annotated.

wr. ref., n. r. e.); Doak v. Biggs, 235 S.W. 957 (Tex.Civ.App.1921, no writ).

Section 3 of Article 2031b, here to be construed, reads in part as follows:

"Any * * * non-resident natural person that engages in business in this State * * * and does not maintain a place of regular business in this State or a designated agent upon whom service may be made * * *, the act or acts of engaging in such business * * shall be deemed equivalent to an appointment * * * of the Secretary of State of Texas as agent upon whom service of process may be made * * *."

Section 4 of that Article provides that a nonresident "shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State * * *." The parties agree that McKanna was doing business in Texas; so that problem is not before us.

Edgar alleged in his petition that Eileen Ann McKanna resided in Orange County, California, and that she executed and delivered to Edgar her note "payable to the order of plaintiff at 1210 Perry-Brooks Building, Austin, Texas * * *." These allegations comply with the requirements of Section 3 of Article 2031b that McKanna be a nonresident and, as stipulated, be doing business in this State. But there are no allegations that McKanna "does not maintain a place of regular business in this State or a designated agent upon whom service may be made." The nonexistence of those two conditions is shown to be a necessary prerequisite to the applicability of Section 3 because of the language used in Section 2. Section 2 provides:

"When any * * * non-resident natural person * * * shall engage in business in this State * * * service may be made by serving a copy

of the process with the person who * * * is in charge of any business in which the defendant or defendants are engaged * * *."

If the defendant had a regular place of business or a designated agent in Texas, we doubt that it could be successfully contended that service of process could be made on the Secretary of State. We hold under the clear language of Article 2031b that "the intent is to permit resort to Section 3 only if Section 2 is not available." Counts, More on Rule 120a, 28 Tex.B.J. 95, 137 (Feb. 1965). This holding is in accord with the established law of this State that it is imperative and essential that the record affirmatively show a strict compliance with the provided mode of service. Roberts v. Stockslager, 4 Tex. 307 (1849); Texaco Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ. App.1962, wr. ref., n. r. e.); Parker v. Scobee, 36 S.W.2d 303 (Tex.Civ.App.1931, no writ).

The Court of Civil Appeals, in its opinion, leaned heavily on its conclusion that "a legitimate inference might be drawn from the petition that appellee did not maintain a place of regular business in Texas or a designated agent for service," citing Kelley v. First Nat'l Bank, 270 S.W.2d 644, 646–647 (Tex.Civ.App.1954, no writ). That case is distinguishable because the question before the court was whether the petition stated a *cause of action* which would support a default judgment. The court construed the pleadings in favor of the pleader in order to determine whether there was a cause of action alleged. This rule does not apply with respect to jurisdictional facts. While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment. See Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935). We think the same rule would apply to inferences of jurisdictional facts

in a direct attack. Cf. Walker v. Koger, 99 S.W.2d 1034 (Tex.Civ.App.1936, wr. dism.); National Cereal Co. v. Earnest, 87 S.W. 734 (Tex.Civ.App.1905, no writ). As noted above, jurisdiction in this type of case must affirmatively appear on the face of the record. The provisions of Article 2031b are clear, and plaintiff has the burden of making sufficient allegations to bring the defendant within its provisions. Cf. Sgitcovich v. Sgitcovich, 150 Tex. 398, 241 S.W.2d 142 (1951); Steele v. Caldwell, 158 S.W.2d 867 (Tex.Civ.App.1942, no writ); Parker v. Scobee, 36 S.W.2d 303 (Tex.Civ. App.1931, no writ). We find nothing in the record that compels the inference that McKanna had neither a place of regular business nor a designated agent in this State.

■ The Court of Civil Appeals relied on Employer's Reinsurance Corp. v. Brock, 74 S.W.2d 435 (Tex.Civ.App.1934, wr. dism.), for the proposition that a citation return showing service on a defendant by serving his agent is sufficient, without *proof* of such agency, to warrant a default judgment. The question in that case was whether the judgment was invalid because "no *proof* was offered respecting the agency of the said John R. Young * * *." [Emphasis supplied.] The plaintiff *alleged* that Young was in charge of defendant's office and was a duly authorized attorney for service of legal process. The court held that in view of the sheriff's amended return which recited that service was had on the defendant through its "local agent John R. Young," it was unnecessary for the plaintiff to introduce *proof* of his agency. The case at bar is distinguishable in that the question here is whether the plaintiff made sufficient *allegations* to confer jurisdiction under Article 2031b. A return showing service on the Secretary of State cannot supply the missing jurisdictional facts upon which such service must depend.

■ McKanna, having now appeared to attack the judgment, is presumed to have entered her appearance to the term of the court at which the mandate shall be filed. Rule 123, Texas Rules of Civil Procedure. The judgments of the courts below are reversed, and the cause remanded to the District Court for a trial on the merits.