**DAY–BRITE LIGHTING DIVISION, EMERSON ELECTRIC COMPANY, Appellant,**

v.

**TEXAS METALSMITH, INC., Appellee.**

**No. 18136.**

Court of Civil Appeals of Texas, Dallas.

July 26, 1973.

David M. Ellis, Clark, West, Keller, Sanders & Ginsberg, Dallas, for appellant.

Jerry W. Biesel, Dallas, for appellee.

BATEMAN, Justice.

Day-Brite Lighting Division, Emerson Electric Company appeals by writ of error from a default judgment, saying the trial court lacked jurisdiction to render a judgment *in personam* against it. The suit was for debt, and substituted service was attempted by serving the Secretary of State of Texas. The parties will be referred to as they were in the trial court.

The defendant, a foreign corporation, presents three points of error on appeal. The first point complains of the judgment because there was no proof of facts that would bring defendant within the provisions of the Texas "long arm" statute, Vernon's Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964), and the second attacks the pleadings as being insufficient to do so. The third point contends, in the alternative, that Article 2031b is unconstitutional if it confers jurisdiction under the facts and circumstances of this case. We sustain the second point of error, making it unnecessary to pass upon the first and third.

■ This appeal presents the question of "whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment." McKanna v. Edgar, 388 S.W.2d 927, 928 (Tex.Sup.1965). The *McKanna* opinion makes it clear, we think, that the statutory prerequisites to substituted service must be clearly shown by allegations in the petition. See also Texaco, Inc. v. McEwen, 356 S. W.2d 809 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e. ).

Section 1 of Article 2031b is in pertinent part as follows:

"When any foreign corporation * * * required by any Statute of this State to designate or maintain a resident agent * * * has one or more resident agents and two (2) unsuccessful attempts have been made on different business days to serve process upon each of its designated agents, such corpora-

tion * * * shall be conclusively presumed to have designated the Secretary of State of Texas as their true and lawful attorney upon whom service of process or complaint may be made."

In its original petition plaintiff alleged:

"That PLAINTIFF is a Texas Corporation of Dallas County, Texas and DEFENDANT is a business entity, the exact [*sic*] of which is unknown to PLAINTIFF, but well known to DEFENDANT, doing business in Texas and can be served by serving R. D. Taylor at 711 Continental Life Building, Fort Worth, Texas."

The plaintiff filed an amended petition in which it alleged:

"That PLAINTIFF is a Texas Corporation of Dallas County, Texas, and that DEFENDANT is a foreign corporation doing business in the State of Texas.

"That DEFENDANT has failed to maintain the resident agent upon whom service of process can be made. PLAINTIFF has attempted to serve R. D. Taylor of 711 Continental Life Building, Fort Worth, Texas, who was the last named registered agent of DEFENDANT, but who no longer can be found at said address. Accordingly, by virtue of Art. 2031b, Service of Process may be had upon said DEFENDANT by serving the Secretary of the State of Texas."

We think it is obvious from the said allegations that plaintiff was representing to the court that defendant had appointed R. D. Taylor as its resident agent for service and that he was its last named agent for that purpose, and that plaintiff had made one unsuccessful attempt to serve process upon him. However, the statute requires two such unsuccessful attempts before service on the Secretary of State is authorized. Our Supreme Court has held that "it is imperative and essential that the record affirmatively show a strict compliance with the provided mode of service." McKanna v. Edgar, supra, 388 S.W.2d at page 929. The burden was on the plaintiff to present a record which contained such an affirmative showing. Its failure to carry that burden requires a reversal of the judgment. It is reversed and remanded for trial.

Reversed and remanded.