**Wade T. VERGES, Appellant,**

v.

**LOMAS & NETTLETON FINANCIAL CORPORATION, Appellee.**

No. 05–81–00521–CV.

Court of Appeals of Texas, Dallas.

Sept. 14, 1982.

Rehearing Denied Nov. 1, 1982.

G. Leroy Street, Geary, Stahl & Spencer, Dallas, for appellant.

Robert T. Mowery, Locke, Purnell & Boren, Dallas, for appellee.

Before STOREY, STEPHENS and FISH, JJ.

STEPHENS, Justice.

By writ of error Wade T. Verges challenges the validity of a default judgment rendered against him in favor of Lomas & Nettleton Financial Corporation. He contends that he was denied due process because the manner of substituted service was not reasonably calculated to give him actual notice of the litigation. Secondly, he alleges that Lomas & Nettleton failed to strictly comply with the requirements of the Texas long-arm statute. We agree that appellee did not strictly comply with the statute. Consequently, we reverse and remand.

*Facts*

On May 5, 1978, Lomas & Nettleton sued Verges as guarantor of a promissory note.

The original petition alleged that "Verges' last known address is 7043 Yorktown, New Orleans, Louisiana 70127." Two copies of the petition and citation were served upon the Secretary of State. On May 16, 1978, he forwarded by certified mail, return receipt requested, a copy of the citation and petition to Verges at the address given in New Orleans. The record reflects that the citation was returned to the Secretary of State's office on June 12, 1978, bearing the notation "unclaimed." On June 5, 1981, nearly three years later, a default judgment was granted Lomas & Nettleton against Verges.

Tex.Rev.Civ.Stat.Ann., article 2031b (Vernon 1964), commonly called the Texas "long-arm statute," is the authority by which in-personam jurisdiction may be acquired over a non-resident defendant. The validity of this statute has been upheld provided its requirements are strictly followed. The pertinent parts of article 2031b are:

Section 1. When any ... non-resident natural person subject to Section 3 of this Act, has not appointed or maintained a designated agent, upon whom service of process can be made, such ... non-resident natural person shall be conclusively presumed to have designated the Secretary of State of Texas as their true and lawful attorney upon whom service of process or complaint may be made.

Section 3. Any ... non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such ... non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such ... non-resident nat-

ural person is a party or is to be made a party.

Section 5. Whenever process against a ... non-resident natural person is made by delivering to the Secretary of State duplicate copies of such process, *the Secretary of State shall require a statement of the name and address of the home or home office of the non-resident.* Upon receipt of such process, the Secretary of State shall forthwith forward to the defendant a copy of the process by registered mail, return receipt requested. (Emphasis added)

■ Our state supreme court has set out the guidelines necessary to support a default judgment when substituted service under the long-arm statute is utilized. First, the pleadings must allege facts which, if true, would make the defendant amenable to process by the use of the long-arm statute; and second, there must be proof in the record that the defendant was, in fact, served in the manner required by the statute. *See Whitney v. L. & L. Realty Corporation,* 500 S.W.2d 94 (Tex.1973). The first prong of this test has been satisfied by Lomas & Nettleton's allegations.

■ The second prong is the crucial one in this case. Section 5 of the statute directs the Secretary of State to require a statement of the name and address of the *home* or *home office* of the non-resident defendant, and then to forward a copy of the process to the defendant by registered mail, return receipt requested. [Emphasis added.] The record shows that the Secretary of State was furnished with the original petition showing only the name and *last known address* of the defendant.

■ Our courts have consistently held that since substituted service is in derogation of common law, the statute authorizing substituted service must be followed with strict compliance. *See Lincoln Bank & Trust Co. v. Webb,* 620 S.W.2d 174, 178 (Tex.Civ.App.—San Antonio 1981, no writ); *Johnston v. Johnston,* 575 S.W.2d 610, 611 (Tex.Civ.App.—San Antonio 1978, no writ); *Spencer v. Texas Factors, Inc.,* 366 S.W.2d

699, 700 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.). Strict compliance with long-arm statutes is particularly necessary because they extend to the limit of permissible constitutional acquisition of personal jurisdiction. *See Colson v. Thunderbird Bldg. Materials,* 589 S.W.2d 836, 840 (Tex. Civ.App.—Amarillo 1979, writ ref'd n.r.e.). Article 2031b has been held to reach as far as the federal constitutional requirements of due process will permit. *See Hall v. Helicopteros Nacionales de Columbia, S.A. ("Helicol"),* 638 S.W.2d 870 (1982); *U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex.1977).

Inherent within the standard of strict compliance is the requirement that the statute be strictly construed. Strict construction is defined by Black's Law Dictionary (5th Ed.1979) as follows:

[C]onstruction of a statute or other instrument according to its letter, which recognizes nothing that is not expressed, takes the language used in its exact and technical meaning, and admits no equitable consideration or implication.

In *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965), the Texas Supreme Court reviewed a case in which service of process was secured under the long-arm statute. The plaintiff had failed to allege that defendant "does not maintain a place of regular business in this State, or a designated agent upon whom service may be made." *McKanna v. Edgar, supra* at 929. The Court of Civil Appeals upheld the validity of service concluding that "a legitimate inference might be drawn from the petition that appellee did not maintain a place of regular business in Texas or a designated agent for service." The Texas Supreme Court recognized that presumptions in support of proper service when recited in a judgment are not available when a direct attack is made on the judgment. The court noted that the same rule would apply to inferences of jurisdictional facts in a direct attack. The court reversed, holding that the provisions of article 2031b are clear, and that the record must affirmatively show a strict compliance with the provided mode of service. *See McKanna v. Edgar, supra* at 929.

Lomas & Nettleton has cited several cases from other jurisdictions construing the words "last known address" to mean residence or place of abode. The California case of *San Diego Savings Bank v. Goodsell,* 137 Cal. 420, 70 P. 299 (1902), is the most similar to the facts·of the instant case. In *Goodsell,* appellant was served by publication and contended on appeal that there had been sufficient compliance with the statute authorizing such service. The applicable statute required that the summons be directed to the non-resident "at his place of residence." The record showed that the court was furnished with appellant's "last known address" and a copy of the summons was there directed. The California Supreme Court construed the word "address" as synonymous with the word "residence" and held that sufficient compliance with the statute had been demonstrated. In a dissenting opinion, it was argued that the majority "authorizes the entry of judgment upon substituted service without a compliance with the statutory requirements, and establishes a rule under which such requirements may be easily evaded." *San Diego Sav. Bank v. Goodsell, supra* 70 P. at 302.

We decline to adopt the reasoning of the majority in *Goodsell.* To do so would require an inference that "last known address" is equivalent to "home address," and inferences may not be indulged to determine whether jurisdictional facts have been sufficiently alleged. *See McKanna v. Edgar, supra* at 930. *Cf. Alpha Guard, Inc. v. Callahan Chemical Company,* 568 S.W.2d 448 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.) (allegation that defendant's headquarters in Chicago not sufficient allegation that it was foreign corporation). We find nothing in the record to compel the inference that Verges' "last known address" was either his home address or home office address. *See McKanna v. Edgar, supra* at 930.

The burden was on Lomas & Nettleton to present a record containing an affirmative showing of strict compliance with

the form of service prescribed in article 2031b. *See Day-Brite Lighting Div., Emerson Electric Co. v. Texas Metalsmith, Inc.,* 499 S.W.2d 336 (Tex.Civ.App.—Dallas 1973, no writ). Such a showing requires proof in the record that the defendant was, in fact, served in the manner required by statute. *See Whitney v. L & L Realty Corp., supra* at 96; *Alpha Guard, Inc. v. Callahan Chemical Co., supra* at 449. We conclude that to construe "last known address" as the equivalent of "home or home office address" would violate the strict construction standard to which we are held and would approve service in a manner not authorized by the statute. Because Lomas & Nettleton failed to strictly comply with the procedure prescribed by article 2031b, section 5, the trial court did not acquire personal jurisdiction over appellant. We need not address appellant's first point of error.

Reversed and remanded.

FISH, Justice, concurring.

Although I am in agreement with the court's result, I cannot subscribe to the statements in the majority opinion that art. 2031b, Tex.Rev.Civ.Stat.Ann. (Vernon 1964) must be strictly construed because it is in derogation of the common law. This court is not free, in my view, to ignore the clearly expressed will of the legislature in art. 10(8), Tex.Rev.Civ.Stat.Ann. (Vernon 1969):

8. The rule of the common law that statutes in derogation thereof shall be strictly construed shall have no application to the Revised Statutes; but the said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice.

Accordingly, I respectfully disagree with that part of the majority opinion.