**TEXAS WESTERN FINANCIAL CORPORATION, Plaintiff-Appellee,**

v.

**Ken EDWARDS, individually, Defendant-Appellant,**

**Western Apparel Corporation, a corporation, Defendant.**

No. 84–2574.

United States Court of Appeals, Tenth Circuit.

July 30, 1986.

Charles A. Whitebook (Merl A. White-book with him on briefs), of Whitebook, Holtz, Gaddis & Smolen, Tulsa, Okl., for defendant-appellant.

Robert R. Kamm (Harry J. Martin, Jr., with him on brief), of Vineyard, Drake & Miller, Dallas, Tex., for plaintiff-appellee.

Before McKAY, LOGAN, and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

The single issue for review is whether the magistrate properly construed the Texas long-arm statute in denying the motion to vacate and set aside default judgment pursuant to Fed.R.Civ.P. 60(b)(4) filed by appellant Ken Edwards. Our review of the statute and relevant case law mandates a reversal of that order and the dismissal of the action for lack of personal jurisdiction over the defendant.

Mr. Edwards was president of Western Apparel Corporation (Western), an Oklahoma corporation headquartered in Tulsa, Oklahoma, which sold and distributed western apparel. In May 1982, Western entered into a collection factoring agreement with Texas Heller Western, formerly Texas Western Financial Corporation (Texas or appellee), a Delaware corporation authorized to do business and with its principal place of business in Texas. To assure the agreement, Mr. Edwards executed his personal guarantee (the Guaranty Agreement) of Western's payment of indebtedness to Texas. When the agreement soured, Texas filed a complaint in the United States District Court for the Northern District of Texas naming Western[1] and Mr. Edwards, individually, as defendants. Texas sought

money due and returned goods and alleged claims for false representations, breach of contract, and breach of fiduciary duty against Western and Edwards. Alleging joint and several liability, Texas sought damages in the amount of $100,508.76, plus interest, costs, and attorney's fees. Pursuant to Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964 & Supp.1984), a copy of the summons and complaint was served on the Secretary of State of Texas, who forwarded the notice to Western and Edwards at the business address provided by Texas. When neither party answered, Texas moved for entry of default judgment and later registered that judgment in the United States District Court for the Northern District of Oklahoma. At this juncture, Mr. Edwards appeared and moved to set aside the default judgment under Fed.R. Civ.P. 60(b)(4). In that motion, Mr. Edwards averred the judgment was void because the Texas court lacked personal jurisdiction over the defendant, and the judgment was obtained by fraud. Mr. Edwards alleged attorneys for Texas had actual knowledge of the address of his residence,[2] understood that Mr. Edwards' personal liability stemmed from his execution of the Guaranty Agreement and not as president of Western, and, at the time of filing the complaint, knew that Western had ceased doing business. Mr. Edwards alleged he received no notice, process, or other service to inform him of the pendency of the Texas action.

Texas defended the substituted service alleging the address provided the Secretary of State was furnished by Western and Mr. Edwards in their notice of change of address. Although Western's address on the face of the contract was 4306 E. Pine Place, Tulsa, and Mr. Edwards' address on the Guaranty Agreement was 4423 E. 82nd Street, Tulsa, Texas alleged it relied on the change of address received from Western.[3]

---

**1.** Western is not a party to this appeal.

**2.** The guarantor's address was typed on the face of the Guaranty Agreement beneath the guarantor's signature.

**3.** The notice of change of address mailed to Texas read: "Please make note of our new *Address as of Sept. 30, 1982.* We have moved to 2605 East 36th St., North Tulsa, Oklahoma...."

The magistrate concluded that Texas had technically complied with the form of service prescribed by article 2031b. The Secretary of State forwarded a copy of process to Mr. Edwards at his "regular place of business," which the magistrate equated with "home office." The magistrate noted, "[t]he fact that the process was returned unclaimed is of no consequence. The statute requires only that process be mailed in accordance with the provisions of the statute, not that process be received by the defendant." Included in these findings of fact was the determination that the requisite minimum contacts had been established, even though the Guaranty Agreement expressly stated that the guarantor submitted to the jurisdiction of the lender's principal place of business. The magistrate did not address the issue of fraud in plaintiff's procurement of the default judgment.

Despite the constitutional arguments pervading this appeal, our review is initially directed to the narrow question of whether appellee complied with the applicable long-arm statute to effect proper service on the defendant. Our inquiry is factual. *Rosa v. Cantrell*, 705 F.2d 1208, 1212 (10th Cir.1982), *cert. denied*, 464 U.S. 821, 104 S.Ct. 85, 78 L.Ed.2d 94 (1983). Thus, at this stage our focus is not on defendant's *amenability* to jurisdiction, but on the *means* of service of process authorized by statute. *Pedelahore v. Astropark, Inc.*, 745 F.2d 346 (5th Cir.1984). An affirmative response to the first inquiry would then permit the district court to determine whether the assertion of jurisdiction is constitutionally permissible. *Rebozo v. Washington Post Company*, 515 F.2d 1208, 1211 (5th Cir.1975).

Article 2031b, Section 3, provides:

Any foreign corporation ... or non-resident natural person that engages in business in this State ... and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation ... or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action....

Article 2031b, Section 5, provides:

Whenever process against a foreign corporation ... or non-resident natural person is made by delivering to the Secretary of State duplicate copies of such process, the Secretary of State shall require a statement of the name and address of the home or home office of the non-resident. Upon receipt of such process, the Secretary of State shall forthwith forward to the defendant a copy of the process by registered mail, return receipt requested.

In *Whitney v. L. & L. Realty Corporation*, 500 S.W.2d 94 (Tex.1973), the Texas Supreme Court delineated the requirements of article 2031b: (1) the pleadings must allege facts which, if true, would make the defendant responsible to answer, i.e., "amenable to process by the use of the long-arm statute," and (2) there must be proof in the record that the defendant was, *in fact*, served in the manner required by statute. *Id.* at 95–96. The court premised the strictures of particularity of pleading and the fact of service on the "strong policy that defendants ought not to be cast in personal judgment without notice." *Id.* at 97.

Appellee urges its compliance with pleading the requisites of substituted service and in furnishing the Secretary of State with the address of the "home office" of appellant. In arguing the converse, appellant insists that Texas had actual knowledge of the capacity in which it entered into the agreement and of its correct address. Permeating appellant's argument is the proposition that the constitutionality of the statute rests on an affirmative showing that plaintiff make a diligent inquiry in his

___

The notice was signed by K.L. Edwards, Western Apparel Corporation.

best efforts to apprise defendant of the action.[4]

■ It is unnecessary to adopt a rule of due process to address appellant's argument. A review of Texas law interpreting article 2031b fully establishes that substituted service is a valid extension of the state's long-arm jurisdiction only upon a showing of *strict* compliance with its provisions. For a default judgment to withstand an attack based on a claim of invalid service, the record must affirmatively show "strict compliance with the provided manner and mode of service of process...." *Stylemark Construction, Inc. v. Spies*, 612 S.W.2d 654 (Tex.Civ.App.1981) (citation omitted). "A plaintiff who seeks to utilize any form of substituted service on a defendant must demonstrate strict compliance with the applicable statute in that he must plead the facts which, *if true*, entitle him to substituted service under art. 2031b." *Public Storage Property, VII, Ltd. v. Rankin*, 678 S.W.2d 590, 592 (Tex. Ct.App.1984) (citation omitted).[5]

The facts in *Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d 820 (Tex. Ct.App.1982), mirror those present here. In reversing the trial court, the Texas Court of Civil Appeals found that the summons and complaint mailed to the "last known address" of the guarantor and returned "unclaimed" could not support an "inference" of jurisdiction. The court reasoned that "last known address" was not the equivalent of "home address." "[I]nferences may not be indulged to determine whether jurisdictional facts have been sufficiently alleged." *Id.* at 822 (citations omitted). "Our courts have consistently held that since substituted service is in derogation of common law, the statute authorizing substituted service must be followed with strict compliance." *Id.* at 821 (citation omitted). The court's conclusion relied on the premise that strict statutory construction is inherent in a standard of strict compliance.

■ Texas sued Mr. Edwards individually as guarantor of the corporation's debts. The complaint alleges service of process on the Secretary of State to be forwarded to 2605 E. 36th St., North Tulsa, Oklahoma 74111, for both the corporation and Mr. Edwards. This address is identified as Mr. Edwards' "regular place of business." The affidavit accompanying the request for default judgment states the sum certain owed by Western "as guaranteed by Edwards." Affiant, attorney for Texas, averred service was received by the Secretary of State and forwarded to Western and "Ken Edwards, Individually" at the corporation's address.

We find the pleadings and manner of service as to Mr. Edwards insufficient under article 2031b to permit substituted service on the individual. The statute requires notice to be sent to the "home or home office" of a nonresident natural person. Texas not only had actual notice of the address on the Guaranty Agreement but received notice that process mailed to both the corporation and Mr. Edwards at the same address was returned "unclaimed."[6]

■ Good notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). We apply this principle not syllogistically,

---

**4.** Appellant's reliance on *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 150 Cal.Rptr. 855 (1978), is misplaced. *Donel* is a publication case based on the California statute and has no precedential value in this circuit.

**5.** Appellee cites *Public Storage*, 678 S.W.2d at 590, for the proposition that article 2031b does not require the statement of "home or home office" in the petition. We agree. However, article 2031b, section 5, does require notice *to be mailed* to the home or home address. *Public Storage* did not address this issue.

**6.** Although assertions of fraud underlie appellant's arguments, the magistrate made no factual finding of fraud. We are not constrained to pierce the scant record before us to make this determination.

but as an analytical tool designed to focus our inquiry both on the statutory mandate and its execution. Justice Oliver Wendell Holmes' general warning about the assertion of jurisdiction applies equally to long-arm statutes permitting substituted service. "[G]reat caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact." *McDonald v. Mabee,* 243 U.S. 90, 91, 37 S.Ct. 343, 61 L.Ed. 608 (1917) (citation omitted).

The magistrate's finding that Texas technically complied with article 2031b is erroneous. The statute requires strict compliance in fact. The district court failed to acquire personal jurisdiction over Mr. Edwards; thus, the default judgment is void. Accordingly, the judgment is reversed, and the case is remanded with instructions to dismiss the action.