# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00322-CV

---

**Rob McCready, Appellant**

**v.**

**Joel Mayor and Beth Mayor, Appellees**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-001918, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Rob McCready filed a restricted appeal after the trial court rendered a no-answer default judgment in favor of appellees Joel Mayor and Beth Mayor in a breach-of-contract suit. In his sole issue, McCready contends that there is error apparent on the face of the record. He argues that the trial court erred by rendering the default judgment because (1) the Mayors did not plead sufficient allegations to show he was amenable to service through the Texas secretary of state, and (2) citation was not served in compliance with the statutory requirements for substituted service through the secretary of state. *See, e.g.*, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045 (prescribing requirements for establishing long-arm jurisdiction on nonresident defendant in suit on business transaction or tort). We conclude the record does not affirmatively show strict compliance with the statutory service requirements, rendering service defective. Accordingly, we reverse the default judgment and remand for a new trial.

## BACKGROUND

The Mayors sued McCready for breach of a vacation rental agreement for a property located in California. In their petition, the Mayors alleged that they booked the rental of the property through Vrbo for December 17, 2020, through December 23, 2020. The Mayors, who are Texas residents, alleged that they entered into the rental agreement with McCready, whom they allege is a California resident. The Mayors further alleged that they paid McCready $3,182.20 as required by the rental agreement, but the state of California subsequently implemented a statewide lockdown due to the COVID-19 pandemic.

The Mayors alleged that because of the government-mandated lockdown, they were prohibited by law from staying at the rental property and McCready's performance under the agreement became impossible. Although the Mayors received the return of their security deposit in the amount of $500, they allege they received no response after attempting to contact McCready multiple times to obtain a refund of their remaining payment. The Mayors subsequently sent McCready a demand letter but received no answer.

The Mayors asserted in their petition that the trial court could acquire jurisdiction over McCready under the long-arm statute, alleging McCready is conducting business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and therefore, the secretary of state is his agent for service of process. *See* Tex. Civ. Prac. & Rem. Code §17.044(b). The Mayors identified two addresses where substituted service could be forwarded: "Service may be forwarded by the Secretary of State to Defendant's principal residence at 976 Lakeview Avenue, South Lake Tahoe, California 96150 or 20430 Saratoga Los Gatos Road, Saratoga, California 95070, or wherever he may be found." The secretary of state's office certified that it received a copy of the citation and original petition on May 4, 2021, and that

2

it forwarded the process on May 14, 2021, to McCready at 976 Lakeview Avenue, South Lake Tahoe, California 96150, the "principal residence" address stated in the petition. The secretary of state's office further certified that the process was returned on May 25, 2021, bearing the notation "Return to Sender, No Mail Receptacle, Unable to Forward."

After McCready's answer deadline passed and no answer was received, the Mayors filed "Plaintiffs' Motion for No-Answer Default Judgment." The trial court's docket notes indicate that the motion was considered on written submission and denied because there was no soldier's and sailor's affidavit on file and there was not sufficient service because the secretary of state's certificate indicated there was no mail receptacle at the address.

Next, the Mayors attempted substituted service at the additional address in Saratoga, California, that they had provided in their petition. The secretary of state's office certified that it received a copy of the citation and original petition on August 26, 2021, and that it forwarded the process to McCready at the Saratoga address on August 31, 2021. The secretary of state's office further certified that it received the return receipt on September 3, 2021, "bearing signature."

McCready did not file an answer or any other pleading. The Mayors subsequently filed an amended motion for no-answer default judgment. In that motion, the Mayors alleged that the address in Saratoga is McCready's last known address, and they attached a certificate of last known address identifying the Saratoga address as McCready's last known address. They sought liquidated damages in the amount of $2,682.80, supported by Joel Mayor's affidavit, and attorney's fees in the amount of $8,629.55, supported by the Mayors' attorney's affidavit and invoices. After conducting a hearing on the Mayors' motion, the trial court signed a default judgment in their favor on December 10, 2021. McCready filed his notice of restricted appeal on June 1, 2022.

3

**STANDARD OF REVIEW**

To prevail on a restricted appeal, an appellant must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and it did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See, e.g.*, *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see also* Tex. R. App. P. 26.1(c), 30. In this appeal, only the fourth element is at issue. As described more fully below, McCready asserts that the Mayors' failure to strictly comply with the statutory service requirements, resulting in the trial court's lack of personal jurisdiction over him, is apparent from the face of the record.

When a default judgment is challenged by restricted appeal, there are no presumptions in favor of valid service. *Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848 (Tex. 2007) (per curiam). To support a default judgment when a plaintiff serves a nonresident under the long-arm statute, the plaintiff must satisfy two major requirements: (1) its petition must allege facts that, if true, would make the defendant amenable to process under the long-arm statute; and (2) there must be proof in the record of service of process on the defendant in the manner required by the statute. *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 95-96 (Tex. 1973) (holding secretary of state is deemed defendant's agent provided secretary of state forwards service as required by statute, which may be proven by certificate from secretary of state's office).

A plaintiff must strictly comply with the requirements of the statute authorizing substituted service because the long-arm statute "extend[s] to the limit of permissible constitutional acquisition of personal jurisdiction." *Verges v. Lomas & Nettleton Fin. Corp.*,

4

642 S.W.2d 820, 822 (Tex. App.—Dallas 1982, no writ); *see also Boreham v. Hartsell*, 826 S.W.2d 193, 195 (Tex. App.—Dallas 1992, no writ). "Inherent within the standard of strict compliance is the requirement that the statute be strictly construed." *Verges,* 642 S.W.2d at 822. The plaintiff bears the burden of affirmatively showing strict compliance with the statute. *See McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex. 1965) (reversing default judgment because plaintiff failed to allege defendant did not maintain place of regular business in Texas or designated agent upon whom service may be made); *Boreham*, 826 S.W.2d at 195. The plaintiff's failure to affirmatively show strict compliance with the statute's requirements renders the attempted service of process invalid and without effect. *See Wachovia*, 215 S.W.3d at 848.

## ANALYSIS

In one issue, McCready challenges the default judgment, arguing that error was apparent on the face of the record because there was no evidence that (1) he engaged in business in Texas or that the proceeding arises out of the business done in Texas and to which he is a party or (2) the service address 20430 Saratoga Los Gatos Road, Saratoga, CA 95070 was McCready's home or home office. *See* Tex. Civ. Prac. & Rem. Code §§ 17.044(b) (establishing when substituted service on secretary of state is permissible), .045(a) (establishing form of and procedure for notice to nonresident of process). Therefore, he asserts, the Mayors' failure to strictly comply with the requirements of the long-arm statute prevented the trial court from acquiring personal jurisdiction over him. We turn first to McCready's argument about the service address because it is dispositive.

The Mayors alleged in their petition that McCready could be served through the secretary of state pursuant to Section 17.044(b) of the long-arm statute, which provides as follows:

5

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Tex. Civ. Prac. & Rem. Code § 17.044(b). In addition, Section 17.045(a) establishes:

> [i]f the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's *home or home office* and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided.

*Id.* § 17.045(a) (emphasis added).

McCready asserts that the Mayors failed to carry their burden to show that the Saratoga service address was the address of McCready's home or home office. The allegation in their petition listing the two addresses lists the South Lake Tahoe address as the "principal residence" but does not indicate that the Saratoga address was either his home or home office. McCready points out that nothing in the record identifies the Saratoga address as his home or home office. The vacation rental agreement makes no references to the Saratoga address, the citation and the secretary of state's certificate do not identify the Saratoga address as his home or home office, the Mayors' amended motion for default judgment and its certificate of service do not indicate what type of address it is, and Joel Mayor's affidavit does not reference the Saratoga address.

In response, the Mayors point to nothing in the record identifying the Saratoga address as either McCready's home or home office. Instead, they contend that because they identified the South Lake Tahoe address, the first address at which they attempted service, as McCready's "principal residence," they complied with the statutory requirements. The Mayors

characterize this first attempt at service as demonstrating that they "properly complied with and provided service of process to the 'home'" and that "[s]ervice was effectuated by the Texas Secretary of State on the primary residence." We disagree.

The secretary of state's certificate for the first attempt at service noted that the process was returned bearing the notation "Return to Sender, No Mail Receptacle, Unable to Forward." In other words, the process was never delivered to the address provided. Under this factual circumstance, we cannot agree that failed delivery to an address without a mail receptacle constitutes proper service under the statutes. Plaintiffs must strictly comply with the statute authorizing substituted service to effect personal jurisdiction, and we cannot conclude that attempted service on an address without a mail receptacle demonstrates strict compliance. Although the secretary of state's certificate is generally conclusive evidence that the secretary of state "received service of process [for the defendant] . . . and forwarded the service as required by the statute," this is only true "*[a]bsent fraud or mistake*." *Capitol Brick, Inc. v. Fleming Mfg. Co., Inc.*, 722 S.W.2d 399, 401 (Tex. 1986) (emphasis added). The statute requires the secretary of state to forward the process by mail, and the recitation on the certificate that there was no mail receptacle is prima facie evidence that McCready could not be served by mail at the South Lake Tahoe address. *See, e.g.*, *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied) (concluding that plaintiff made no affirmative showing that he served defendant with process when the secretary of state's return of service bore notation that citation was "NOT DELIVERABLE AS ADDRESSED").

Nor can we conclude that the Mayors' certification of the Saratoga address as McCready's last known address demonstrates strict compliance with the long-arm statute's requirement that the plaintiff identify the address for service as the defendant's home or home

7

office.  *See, e.g.*, *Verges*, 642 S.W.2d at 821-822.  "While an official's certificate establishes that process was served and forwarded to the address provided, unless it certifies that the forwarding address is the one required by statute [i.e., home or home office], we cannot presume otherwise." *Wachovia*, 215 S.W.3d at 850.  Accordingly, we hold that error is apparent on the face of the record because the address to which the secretary of state was able to forward service of process was not identified anywhere in the record as McCready's home or home office.[1]

Because we hold that the Mayors failed to carry their burden to establish strict compliance with Section 17.045(a) of the long-arm statute, we need not address McCready's argument that the Mayors did not adequately plead as required by Section 17.044(b) that McCready "engages in business" in Texas and that the "proceeding arises out of business done in this state and to which the nonresident is a party."

We sustain McCready's sole issue on appeal.

---

[1] We note that the fact that the secretary of state's certificate noted that the return receipt for the process mailed to the Saratoga address was received in its office "bearing signature" does not change our analysis.  *See, e.g.*, *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."); *MobileVision Imaging Services, L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 564-65 (Tex. App.—Dallas 2008, no pet.) ("The law is clear that reasonable notice or actual notice of a pending lawsuit cannot substitute for proper service of process.").

**CONCLUSION**

Having held that the Mayors did not carry their burden of establishing strict compliance with the long-arm statute, we reverse the trial court's default judgment and remand for a trial on the merits. *See* Tex. R. Civ. P. 123 (establishing that when judgment is reversed on restricted appeal because of defective service of process, defendant shall be presumed to have entered appearance); *see also McKanna*, 388 S.W.2d at 930.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Reversed and Remanded

Filed:   July 13, 2023

9